WILLARD STEWART, PLAINTIFF IN ERROR, v. W. H. SNELLING, DEFENDANT IN ERROR.

1. **Partnership:** REAL PROPERTY: TITLE.   A firm having purchased real estate at guardian sale, and obtained a deed for the widow's right of dower therein, one of the partners thereupon agreed with the other to pay him $803 in excess of the purchase price for his half interest in the property if the title to the same did not entirely fail.   The party purchasing thereupon entered into an agreement with the guardian to have a decree entered setting the guardian's sale aside, and to pay an increased price for the property, but still retained the dower interest. *Held,* That as he retained the dower interest the title had not entirely failed.

2. ——: ——.   *Quære:* Whether the plaintiff could avail himself of a failure of title procured by his consent?

ERROR to the district court for Lancaster county.   Tried below before POUND, J.

*J. R. Webster,* for plaintiff in error.

*Walter J. Lamb,* for defendant in error.

MAXWELL, J.

This is an action for an accounting between partners. It appears from the record that in the year 1878 the plaintiff and defendant entered into partnership in the law and

real estate business, the plaintiff being a real estate agent and the defendant an attorney. The partnership was dissolved in 1881. On the trial of the cause the court found there was due the defendant the sum of $803.56, and rendered judgment in his favor for that amount. The only error complained of is an item for $400, with interest from September 1st, 1881, which, it is claimed, was improperly allowed the defendant. The testimony shows that in the year 1880, the plaintiff and defendant entered into a contract with one Daggy, guardian of the minor heirs of A. D. Wood, to give not less than $2,500, with costs and expenses, for certain real estate belonging to said heirs, provided said guardian would institute legal proceedings and cause the same to be sold. A deed for said real estate was thereupon made by Elizabeth D. Wood, the widow of A. D. Wood, conveying her right of dower therein to the defendant. A guardian sale of the property was thereupon had, and the property purchased by Stewart for the firm, and the deed taken in his name. After this proceeding the parties entered into the following agreement:

" This agreement, made this 21st day of April, 1881, between W. E. Stewart and W. H. Snelling. It is agreed that W. E. Stewart pay W. H. Snelling eight hundred dollars for his interest in the A. D. Wood property on corner of N and Eleventh streets, in Lincoln, paid as follows: Three hundred dollars cash in hand, and to credit Snelling's account for one hundred dollars, and balance of four hundred dollars to be paid on the first of September next, or before if said Stewart makes sale of said property. And in the event the title should fail to said property *entirely*, then the said four hundred dollars shall not be paid, and he shall be liable therefor in case James Daggy, guardian, refuses to assist in perfecting the title to the same, or in case the same is not perfected by the supreme court of Nebraska, then Stewart shall not be liable for any amount, provided, that in case title is perfected and sale is not made

within eighteen months from date, then the four hundred dollars shall be due and payable with ten per cent interest after September 1st, 1881.

" In witness whereof the parties hereto have this day set their hands and seals, the day and year first inserted.

"WILLARD E. STEWART, [S.]

"W. H. SNELLING. [S.]

" Witness :

"WALES FRANK SEVERANCE."

Afterwards an action was brought by the guardian to set the sale aside, and in March, 1882, the plaintiff entered into an agreement with the guardian to pay an additional sum of $550 and all costs of quieting his title to said property, and further agreed that in the suit then pending a decree be entered quieting title in said minors subject to the estate in dower with lien to said Stewart for his just and equitable charges, $3,438.33.    It was also agreed that there should be a re-sale of the property by the guardian, and giving the plaintiff certain privileges pending the sale. A decree was entered in conformity to the agreement, and on a re-sale of the property by the guardian, the plaintiff purchased the same at the price agreed upon, and now claims that the title under the agreement with Snelling failed, and therefore he is not liable thereon.    It will be observed that the provisions of the agreement between the plaintiff and defendant are that if the title fails *entirely*, then the plaintiff was not to be liable.

All the testimony shows there was not an entire failure of title.    The defendant was still possessed of the dower interest conveyed to him by Mrs. Wood, which, so far as this record discloses, may have been and probably was worth very much more than the amount paid and agreed to be paid by the plaintiff.    This being so, the plaintiff is liable on the contract.    It may well be doubted whether he was entirely disinterested in the agreement

made by him to set aside the first guardian's deed, or whether the defendant would be bound by a decree obtained in that way. But it is unnecessary to determine that question, as the plaintiff still retained an interest the property, which it is pretty clear was used to advantage in preventing competition in the sale of the interest of the minors in the property. The plaintiff has no cause of complaint, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.