JEROME SHAMP, PLAINTIFF IN ERROR, V. AUGUST
MEYER, DEFENDANT IN ERROR.

Contracts: ACTION: CONSIDERATION. Where one makes a
promise to another for the benefit of a third person, such third
person can maintain an action upon the promise, though the
consideration does not move directly from him.

Error to the district court for Lancaster county. Tried
below before POUND, J.

A. J. Cornish and O. P. Mason, for plaintiff in error,
cited: *Miliani v. Tognini*, 7 Pac. Rep., 279. *Lawrence
v. Fox*, 20 N. Y., 268. *Vrooman v. Turner*, 69 N. Y.,
280. *Garnsey v. Rodgers*, 47 N. Y., 233. *Cooper v.
Foss*, 15 Neb., 520. *Stewart v. Snelling*, 15 Neb., 502.

*Bond v. Dolby,* 17 Neb., 494. *Carman v. Kelly,* 5 Hun. (N. Y.), 283.

*Sawyer & Snell,* for defendant, cited: *Tweddle v. Atkinson,* 1 B. & S., 393. *Halsted v. Francis,* 31 Mich., 113. *Exchange Bank v. Rice,* 107 Mass., 37. *Anderson v. Fitzgerald,* 21 Fed. Rep., 294. *Clapp v. Lawton,* 31 Conn., 95. *Garnsey v. Rogers* 47 N. Y., 233. *Lake Ontario Shore R. R. v. Curtiss,* 80 N. Y., 223. *Austin v. Seligman et al,* 18 Fed. Rep., 519. *Dow v. Clark,* 7 Gray, 198. *Nat. Bank v. Grand Lodge,* 98 U. S., 123. *Merrill v. Green,* 55 N. Y., 270. *Pardee v. Treat,* 82 N. Y., 385. *Mackintosh v. Fatman,* 38 How. Pr., 145.

MAXWELL, CH. J.

This action was brought by the plaintiff against the defendant in the district court of Lancaster county. The defendant demurred to the petition; the demurrer was sustained and the action dismissed.

The plaintiff alleges in his petition in substance, that in November, 1880, the plaintiff, T. B. Dawson, and J. A. Wallingford constituted the firm of Dawson, Shamp & Company, doing business at Lincoln; that said firm was indebted to various persons and firms as follows: as guarantors upon the note of Peter Davy to the La Belle Wagon Company in the sum of $95.96; to the R. Elwood Manufacturing Co. in the sum of $157; to Hurst, Dunn & Co. in the sum of $37.60; to the La Belle Wagon Co., as guarantors on the notes of one Henry Overstake, about the sum of $287.50; to Saberling, Miller & Co. in about the sum of $60, as guarantors upon the note of W. Larson; to the R. Elwood Manufacturing Co., about the sum of $35, as guarantors upon the note of one L. W. Ward; to the La Belle Wagon Co., upon their own note in the sum of $257.71, and $57.71, and the sum of $19 to the Perkins Plow Co. That afterwards, and on the 9th day

of November, 1880, the plaintiff sold all his interest in said partnership to one John Geisler, the firm of Dawson, Wallingford & Geisler assuming and agreeing to pay all of said debts, and save the plaintiff harmless. That in December, 1880, said Wallingford sold and transferred his interest in said firm to Dawson, Geisler, and one C. Nohring, in part consideration of which said three persons agreed to pay all the debts of said Dawson, Wallingford & Geisler, and save said Wallingford harmless; that afterwards Dawson sold and transferred all his interest in said partnership business, good-will and effects, to Nohring, Geisler, and the defendant, Meyer, in part consideration of which said persons assumed and agreed to pay and save said co-partnership harmless from all the debts and liabilities of said co-partnership of Dawson, Nohring & Co. And said persons continued in business as Nohring, Geisler & Meyer. That in March, 1882, said last-named firm was dissolved by the withdrawal therefrom of Geisler, and the transfer by him to Nohring & Meyer of all his interest in said firm, in part consideration whereof said Nohring & Meyer agreed to pay, and did assume all the indebtedness of Nohring, Geisler & Meyer. That in October, 1882, the firm of Nohring & Meyer was dissolved, the defendant receiving and retaining in severalty all the business, effects, and good-will of same last-named co-partnership, and, in part consideration thereof, assuming and agreeing to pay all the debts and liabilities of said last-named firm. But notwithstanding the premises, neither the said defendant, nor the said Dawson, nor Wallingford, nor Nohring, nor Geisler, nor either of said co-partnerships, have ever paid said indebtedness or any part thereof; that by reason of the premises said plaintiff has been compelled by the creditors of Dawson, Shamp & Co. to pay all of the debts above set forth, and neither said defendant nor any of said persons or co-partnerships have repaid to plaintiff said sums of money, or any part thereof.

If the allegations of the petition are true, Meyer assumed the payment of the obligations of the firm of Nohring & Meyer, one of which was the payment of the debts which the plaintiff afterwards was compelled to pay. Can he maintain an action against Meyer on this contract to which he was not a party, but which contains a provision for his benefit?

This question was before the supreme court of Nevada in *Miliani v. Tognini*, 7 Pacific Rep., 279, and it was held that a party may maintain an action on a simple contract, to which he was not a party, upon which he was not consulted, and to which he did not assent, when it contains a provision for his benefit.

In *Lawrence v. Fox*, 20 N. Y., 268, one Holly, in November, 1857, at the request of the defendant, loaned and advanced to him $300, stating at the time that he owed that sum to the plaintiff for money borrowed of him, and had agreed to pay it to him next day. That the defendant, in consideration thereof, at the time of receiving the money, promised to pay it to the plaintiff on the next day. The court held that the plaintiff could maintain an action on the promise. *Farley v. Cleaveland*, 4 Cow., 432, S. C., 9. Id., 639. This principle has been frequently applied in cases of mortgage foreclosure, where it is held that the undertaking of the grantee of mortgaged premises to pay off the incumbrance is a collateral security obtained by the mortgagor, which inures by an equitable subrogation to the benefit of the mortgagee. *King v. Whitely*, 10 Paige, 465. *Halsey v. Reed*, 9 Paige, 445. *Cumberland v. Codrington*, 3 Johns. Ch., 254–261.

In *Schermerhorn v. Vanderheyden*, 1 John., 139, it was held that a parol promise from one person to another for the benefit of a third person will enable that third person to maintain an action on such promise. This rule was established under the common law, and has been adhered to by the courts of that state.

In *Cooper v. Foss*, 15 Neb., 516, it was held that the purchaser of mortgaged premises, who, as the whole or part consideration for such purchase, agrees to pay off the mortgage, may be sued upon default of such payment by the holder of the mortgage. See also *Stewart v. Snelling*. 15 Neb., 502. *Merriman v. Moore*, 90 Penn. St., 80, *Carman v. Kelly*, 5 Hun., 283.

In *Merriman v. Moore* it is said : " It is a fundamental principle that a party may sue on a promise made on a sufficient consideration for his use and benefit, though it be made to another and not to himself. *Hoff's Appeal*, 24 Pa. St., 200. *Townsend v. Long*, 77 Pa. St., 143. *Justice v. Tallman*, 86 Pa. St., 147.

In *Putney v. Farnham*, 27 Wis., 187, it was held that in case of simple contract, where one makes a promise to another for the benefit of a third person, such third person may maintain an action upon the promise though the consideration does not move from him. This, we think, is a correct statement of the law, and it is decisive of this case, as the petition clearly shows a promise of the defendant made to another for the benefit of the plaintiff.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.