## MARTIN L. EATON v. FAIRBURY WATER-WORKS COMPANY.

FILED SEPTEMBER 20, 1893.    No. 4771.

1. **Municipal Corporations**: FRANCHISES: WATER COMPANIES: CONTRACTS: FAILURE TO SUPPLY WATER: LIABILITIES FOR DAMAGES BY FIRE. A provision in the ordinance of a city granting a franchise to supply water to the city requiring that "the

grantee shall constantly, day and night (except in the case of an unavoidable accident), keep all fire hydrants supplied with water for instant service, and shall keep them in good order and efficiency," did not confer upon the owner of property destroyed by fire a right of action against said grantee on account of its failure to furnish water as stipulated, although thereby the loss by such fire would have been obviated.

2. ———: ———: ———: ———: ———: ———. Under such circumstances such grantee is not liable by reason of assuming the functions which might properly belong to the city, for the reason that under the facts stated, the city, if performing the same functions, would not be liable.

ERROR from the district court of Jefferson county. Tried below before MORRIS, J.

*Hambel & Heasty,* for plaintiff in error:

Under the contract, or ordinance, the defendant receives three thousand dollars per annum, which amount is levied as a special tax and paid by the taxpayers of the city of Fairbury, of which plaintiff is one, as alleged in his petition. The defendant in consideration thereof, among other things, expressly agreed "constantly, day and night, to keep all fire hydrants supplied with water for instant service, and to keep them in good order and efficiency." The water company is not exempt from liability in case it fails to comply with the requirements of that contract. (*Paducah Lumber Co. v. Paducah Water Supply Co.,* 12 S. W. Rep. [Ky.], 554; *Atkinson v. Newcastle and Gateshead Water-works Co.,* L. R. 6 Exch. [Eng.], 404; Shearman & Red., Negligence, sec. 54a, 120–124; *Couch v. Steel,* 3 El. & Bl. [Eng.], 402; *Rowning v. Goodchild,* 2 W. Bla. [Eng.], 906; *Mersey Docks v. Gibbs,* 11 H. L. Cas. [Eng.], 686; *Western Saving Fund Society of Philadelphia v. City of Philadelphia,* 31 Pa. St., 185; *Lacour v. New York,* 3 Duer [N. Y.], 406; *Bailey v. New York,* 7 Hill [N. Y.], 146.) On a contract made between two parties for the benefit of another, the latter may sue in his own name for a

breach thereof. (*Hale v. Ripp*, 32 Neb., 259; *Shamp v. Meyer*, 20 Id. 223.)

*Henry D. Estabrook, contra,* to sustain the proposition that there is no privity of contract, cited : *Davis v. Clinton Water-works Co.,* 54 Ia., 59; *Nickerson v. Bridgeport Hydraulic Co.,* 46 Conn., 29; *Foster v. Lookout Water Co.,* 3 Lea [Tenn.], 45; *Becker v. Keokuk Water-works,* 79 Ia., 419; *Van Horn v. City of Des Moines,* 19 N. W. Rep. [Ia.], 293.

*W. P. Freeman,* also for defendant in error.

RYAN, C.

On the 5th day of May, 1890, Martin L. Eaton filed in the district court of Jefferson county his petition praying judgment against the Fairbury Water-works Company, for the value of certain of his goods destroyed by fire on December 2, 1889. The right to the recovery sought, was predicated upon the statements that the defendant was, at the time of said fire, owner of, and operating in the city of Fairbury, in said county, a system of water-works built and constructed pursuant to the terms and conditions of a certain contract and franchise entered into and granted by said city to A. L. Strang, and his successors, under the provisions of a certain ordinance of said city, whereby said Strang and his assignees were bound, during the continuance of said franchise, to keep all fire hydrants supplied with water for instant service, and to keep them in good order and efficiency; that payment for the aforesaid service was provided to be made by the levy of a tax upon all taxable property in said city; that plaintiff was one of the said taxpayers, and that the loss aforesaid was caused by the negligent failure of the water-works company aforesaid to provide water for the hydrants near the place of said fire in sufficient quantity to extinguish the same, notwithstand-

ing it was required by said ordinance to make such provision. There was a detailed description of the property destroyed and a statement of its value, and a prayer accordingly.

On April 7, 1890, there was filed a general demurrer to said petition, which, on the 11th day of·the same month, was overruled, and two days thereafter a judgment was rendered against the water-works company for the full amount claimed in the petition aforesaid. On the 5th day of the month following, the water-works company filed in said court its petition praying that the aforesaid judgment be set aside and that said water-works company be admitted to defend against the claim set up in said petition. The grounds upon which this relief was sought were that the attorneys for the water-works company had been misled as to the time when the demurrer aforesaid could be taken up and presented for determination, and therefore had failed to appear on or before the 11th day of April aforesaid to present the defense of said company. It was claimed that this misunderstanding, in the main, was attributable to a telegram received from the attorneys for Martin L. Eaton by the attorneys for the water-works company, a contention sustained by the district court, and which, as a question of fact decided upon conflicting evidence, will be treated as correct and therefore will receive no further notice. To the petition to open the judgment there was filed a general demurrer, after which was filed an answer putting in issue the several matters alleged in said petition, to which answer there was a reply. Upon a trial of these issues the district court made the following finding and order, to-wit:

"This cause coming on to be heard upon the petition of the plaintiff and the evidence, on consideration whereof the court finds that without fault or negligence on the part of the plaintiff herein it was prevented from appearing and making its defense in cause No. 47, docket F, of this court,

wherein the plaintiff herein was defendant, by the acts of said Eaton and his attorneys as in plaintiff's petition alleged, and that said judgment should be vacated and set aside, but at the costs of the plaintiff herein; the court is not attempting to settle the merits of the case of said Eaton against the water-works company, and makes no finding as to the merits of said defense of said water-works company in said action. It is therefore considered that the judgment heretofore rendered in cause No. 47, docket F, wherein Martin L. Eaton is plaintiff and the said water-works company is defendant, be, and hereby is, set aside and vacated and a new trial granted in said cause at the costs of the plaintiff herein of the former trial. It is ordered that said cause be placed upon the trial docket for trial in its order. To which acts and doings of this court all and singular the said Eaton duly excepts."

From this order awarding a new trial and vacating a former judgment in his favor the plaintiff in error brings the cause in which said order was made for review to this court. As some of the matters considered by the district judge were such that they must have transpired under his observation—such as, for instance, whether the order overruling the demurrer was entered upon being regularly reached upon call of the trial docket—we shall not attempt to review his findings that, without fault upon the part of the water-works company, or its attorneys, it was prevented from making a defense. The sole question remaining for our consideration then is, whether or not the petition of Eaton against the water-works company stated a cause of action.

Plaintiff in error predicates his right to maintain an action against the water-works company upon the following provision of the ordinance under which the water-works company, as assignee of the rights of A. L. Strang, operated its water-works: "The grantee (A. L. Strang or his assignee) shall constantly, day and night (except in the case of an una-

voidable accident), keep all the hydrants supplied with water for instant service, and shall keep them in good order and efficiency." It is insisted in argument that this provision, while made with the city, was for the benefit of the tax-payers, and that therefore it was a contract for the benefit of plaintiff upon which he might bring suit for its violation to the detriment of plaintiff. The decision of this court relied upon to sustain this position is that of *Shamp v. Meyer*, 20 Neb., 223. As that case illustrates well the class of cases to which is applicable the principle that where a promise is made by one for the benefit of another, suit may be brought for the enforcement of such promise by the beneficiary, it should receive more than a mere passing notice. In that case Meyer was a member of the firm of Noring & Meyer, which had assumed the performance of the promise of its predecessor, one of which was to pay all the indebtedness of its predecessor, a firm of which Shamp was a member. This was not done, but Shamp was compelled to pay said indebtedness provided against, and thereupon sued Meyer for the amounts which he had thus been compelled to pay. This undertaking of the firm, of which Meyer was a member, was founded upon a valuable consideration, and it was held that though the consideration did not move directly from Shamp to the firm of which Meyer was a member, yet it did move from the parties with whom Meyer's firm contracted and was enforcible at the suit of Shamp, on the same principle as where in a deed, the payment of a mortgage is assumed absolutely, suit may be brought by the mortgagee against the party who thus assumed payment. In the case at bar, however, Eaton was not in any way recognized as either a party or a beneficiary, so that the authority cited in no way aids his contention. If his action could at all be maintained, it must be upon grounds different from those considered in *Shamp v. Meyer, supra*, for, as we have observed, there is no express provision in the ordinance in his favor. The case most

nearly in point cited by plaintiff favorable to his right of re-
covery is that of *Paducah Lumber Co. v. Paducah Water
Supply Co.*, 12 S. W. Rep. [Ky.], 554, in which there were
general provisions as to the manner in which payment should
be made the supply company; *i. e.*, by a general tax. As a
demurrer was sustained to the petition, its averments of fact
controlled the decision of the court, as clearly appears from
the language of that opinion. After reciting the above
manner of raising water rental by general tax, and the
agreement of the water supply company in consideration
thereof to supply fire protection, which, it was alleged, it had
failed to do to plaintiff's loss, the opinion proceeds in this
language:

"It is further stated that under a contract directly be-
tween them there had been erected, previous to the fire
on the same lot where the burned property was situated,
two hydrants, one within thirty and the other seventy
feet of the place where the fire originated, and connected
by pipes with the water-main, to be used by appellant to
extinguish fires, and for steam purpose, for which it had
been paying rent to appellee, and that in consideration
thereof appellee had agreed to furnish and have ready at
all times water sufficient to throw streams through hose
kept by appellant in proper condition, to be connected with
the two hydrants, the height provided for in said contract
between appellee and the city of Paducah; that the fire
originated in a wood building situated on the lot of appel-
lant, and connected with its other property, though occu-
pied at the time by another, but said fire occurred without
any fault or negligence of appellant or its servants, and it
could and would have been extinguished before doing dam-
age to the property of appellant if there had been the
stipulated quantity of water in the stand pipe and conduct-
ing pipes, or the pumping machinery had been in readi-
ness to operate, and the engineer and servants of appellee
had been present to set it in motion; for immediately after

the fire commenced and before it had done any damage or extended to the premises then occupied by appellant, hose-pipes in good order were attached to the two private hydrants and carried to within five or six feet of the fire for the purpose of applying water to it."

Following this language there was a condensed statement of the several matters constituting the alleged negligence of the supply company in making proper provisions to extinguish the fire, by reason of all which failures recited in the petition the fire was not put out, but was suffered to inflict great loss upon appellant by the destruction of its property.  Commenting upon the averments of the petition, the court proceeded thus: "Clearly appellant had a right to sue for a breach of the distinct contract set out in the petition, by which, in consideration of rent paid for the use of the two hydrants on its own lot, water was agreed to be furnished directly to it by appellee."

It will thus be seen that this private contract largely influenced the court in its determination that the demurrer had been improperly sustained to the petition.  As to the right to maintain an action as upon the promise of the supply company to the city of Paducah for the benefit of the lumber company, the opinion of the court runs as follows, after an epitomized statement of the undertakings of the water supply company, to-wit, "That appellee also agreed to have in the stand-pipe  *  *  *  at all times a supply of water sufficient to afford a head or pressure requisite for all domestic, manufacturing, and fire protection purposes for all the inhabitants and property of the city, and to increase the number and length of hydrants and pipes when necessary to meet demands of the city and citizens; that said contract was made with appellee by the city of Paducah for the use and benefit of all its property owners and inhabitants, and appellant's property was from 1885 until destroyed by fire, in common with that of others, taxed at its full value to raise money with which to pay said hydrant rents."

In this case it thus appears not only that there was a liability upon a private contract between the two companies to furnish an ample supply of water to extinguish fires, but that in addition the petition alleged that the city, for the benefit of all its property owners and inhabitants, contracted for like immunity from fire. This last liability was alleged as arising upon an express contract for the benefit of property owners and inhabitants, who in such case undoubtedly had a right to sue upon such contract. This case having been considered upon a demurrer to the petition, its averments were conceded to be true, and it was not unreasonable (there having been therein alleged: first, an express contract between plaintiff and defendant, and second, an express contract between the defendant and the city of Paducah on behalf of the plaintiff) that the supply company should be held to make good its agreement for the protection of the plaintiff from fire in accordance with the terms of both contracts. This case, however, furnishes no support to the contention in the case at bar that the provision in the ordinance that Strang or his assignee "shall constantly, day and night, keep all fire hydrants supplied with water for instant service and shall keep the same in good order and efficiency," was a contract for the benefit of plaintiff in this case. It is true that *Atkinson v. Newcastle & Gateshead Water-works Co.*, 6 L. R. Exch. [Eng.], 404*, somewhat countenances the contention of plaintiff. That case was decided mainly upon the authority of *Couch v. Steel*, 3 El. & Bl. [Eng.], 402. Upon appeal, however, the case of *Atkinson v. Newcastle & Gateshead Water-works Co.*, *supra*, was reversed and the correctness of the law as laid down in *Couch v. Steel* was seriously questioned. (See *Atkinson v. Newcastle & Gateshead Water Co.*, *supra*, 46 L. J., Q. B., [Eng.], n. s., 775. Another case relied upon by plaintiff is that of *Rowning v. Goodchild*, 2 W. Bla. Rep. [Eng.], 906, which was a suit brought against a deputy postmaster for unlawfully failing to de-

Eaton v. Fairbury Water-Works Co.

liver to plaintiff his letters. This was an action *ex delicto*, not *ex contractu*, and it would seem clear that the conceded right of one injured to sue him who caused the injury should not serve as a precedent to sustain the suit of a plaintiff who sues, not because the defendant committed the injury complained of, but because he did not prevent it. To fix liability in the latter case a contract to avert the injury must be shown—in the other case no element of contract is necessary; the law implies a contract to make reparation for his tortious act. The same considerations apply to another case cited by plaintiff (*Mersey Docks v. Gibbs*, 11 H. L. Cases [Eng.], 686), where the action was for the failure of the dock company to keep its docks in proper condition, whereby the ship and cargo of Gibbs were damaged. It is quite a matter of doubt why the case of *Western Saving Fund Society v. City of Philadelphia*, 31 Pa. St., 185, was cited, for the question in that case was simply whether there could be increased the number of trustees from twelve, as provided in the ordinance, to eighteen as proposed, a loan having been made upon the faith of the ordinance as it stood.

The case of *Lacour v. City of New York*, 3 Duer [N. Y.], 406, involved merely the right of plaintiff to recover for damages caused him in the necessary suspension of his business resulting from the manner in which an excavation was made in the streets. The entire opinion in the case of *Bailey v. City of New York*, 7 Hill [N. Y.], 146, is embraced in the following language: "As the verdict in the present case was rendered before the act of 1844 was passed, the charge for interest should have been disallowed. Notwithstanding the peculiar phraseology of the section relied on by the plaintiff's counsel, we think it ought not to be so construed as to give it a retroactive effect." As to the inapplicability of this language to the case at bar, no comment is necessary. The above are all the cases cited to sustain the contention of plaintiff. By the defendant are

cited a number of adjudicated cases, of which we will no-
tice the following in detail:

*Davis v. Clinton Water-works Co.*, 54 Ia., 59, was an
action to recover the value of certain buildings destroyed
by fire, upon the ground that defendant was bound by con-
tract with the city of Clinton to supply water to be used in
extinguishing fires, and failed to perform its obligation in
this respect, whereby resulted the destruction of plaintiff's
property. Delivering the opinion of the court, Beck, J.,
said: "The only question presented in the case is this one:
Is the defendant liable to plaintiff upon the contract em-
bodied in the ordinance? The petition does not allege or
show any privity of contract between plaintiff and defend-
ant. The plaintiff is a stranger, and the mere fact that she
may find benefits therefrom by the protection of her prop-
erty in common with all other persons whose property is
similarly situated, does not make her a party to the con-
tract, or create a privity between her and defendant. It is
a rule of law, familiar to the profession, that a privity of
contract must exist between the parties to an action upon a
contract. One whom the law regards as a stranger to the
contract cannot maintain an action thereon. The rule is
founded upon the plainest reasons. The contracting par-
ties control all interests and are entitled to all rights se-
cured by the contract. If mere strangers may enforce the
contract by actions, on the ground of benefits flowing there-
from to them, there would be no certain limit to the num-
ber and character of actions which would be brought
thereon. Exceptions to this rule exist which must not be
regarded as abrogating the rule itself. Thus, if one under
a contract received goods or property to which another, not
a party to the contract, is entitled, he may maintain an ac-
tion therefor; so the sole beneficiary of a contract may
maintain an action to recover property or money to which
he is entitled thereunder. In these cases the law implies a
promise on the part of the one holding the money or prop-

erty to account therefor to the beneficiary. Other excep-
tions to the rule, resting upon similar principles, may exist.
(See *Second National Bank of St. Louis v. Grand Lodge*, 98
U. S., 123.) The case before us is not an exception to the
rule we have stated. The city, in exercise of its lawful au-
thority to protect the property of the people, may cause
water to be supplied for extinguishing fires and for other
objects demanded by the wants of the people. In the exer-
cise of this authority, it contracts with defendant to sup-
ply the water demanded for these purposes. The plaintiff
received benefits from the water thus supplied in common
with all the people of the city. These benefits she receives
just as she does other benefits from the municipal govern-
ment, as the benefits enjoyed on account of improved streets,
peace and order enforced by police regulations, and the
like. It cannot be claimed that the agents or officers of
the city employed by the municipal government to supply
water, improve the streets, or maintain good order, are
liable to a citizen for loss or damages sustained by reason
of the failure to perform their duties and obligations in
this respect. They are employed by the city and respon-
sible alone to the city. The people must trust to the mu-
nicipal government to enforce the discharge of duties and
obligations by the officers and agents of that government.
They cannot hold such officers and agents liable upon the
contracts between them and the city."

The case of *Nickerson v. Bridgeport Hydraulic Co.*, 46
Conn., 24, was upon a like claim for damages with that
above considered, and Park, Ch. J., delivering the opinion
of the court, said : " It will be observed that the plaintiffs
complain that the defendants did not supply with water
the hydrants which had been established by the city and
the Bridgeport Water Company under their contract, to
enable the city through its fire department to perform a
public duty which it owed to the plaintiffs and others, to
extinguish their fires. Had the plaintiffs' fire been extin-

guished it would have been done by the fire department ; for there is no allegation in the count that the plaintiffs had hose which might have been attached to the hydrants, and the fire extinguished by their own efforts. Hence, whatever benefit the plaintiffs could have derived from the water would have come from the city through its fire department. The most that can be said is that the defendants were under obligation to the city to supply the hydrants with water. The city owed a public duty to the plaintiffs to extinguish their fire. The hydrants were not supplied with water, and so the city was unable to perform its duty. We think it is clear that there was no contract relation between the defendants and the plaintiffs, and consequently no duty which can be the basis of a legal claim."

In *Foster v. Lookout Water Co.*, 3 Lea [Tenn.], 45, the conclusion above announced was arrived at by the court, which, in its opinion, quoted with approval a considerable part of the language of Park, Ch. J., of which we have made use.

In *Becker v. Keokuk Water-works Co.*, 79 Ia., 419, and in *Van Horn v. City of Des Moines*, 19 N. W. Rep. [Ia.], 293, the same doctrine was again recognized and enforced; but as full quotations have already been made from the supreme court of Iowa, it would be like mere repetition to quote at length opinions on the same subject from the same source. 'The decided weight of authority, as well as the better reason, is in favor of the rule above announced. In the case under consideration the contract embodied in the ordinance (of which the provisions were accepted by A. L. Strang) made no mention of, or reference to, plaintiff or any class of citizens or taxpayers of which he was one. The payment of taxes by him for the water-works company entitled him to no more privileges in reference to the subject-matter for which the taxes were collected than if it had been for any other purpose for which taxes might be

levied.  Let us suppose that this tax had been paid for disbursement to a contractor who built sidewalks, or laid down pavements for the city.  Could it reasonably be claimed that this fact gave the taxpayer any special ground of recovery against the contractor for injuries received by reason of a failure to complete the works of improvement as agreed ?  Manifestly in the case supposed there is no privity between the contractor and the taxpayer, no matter how solemnly the contractor had agreed to perform the work in a specified time or manner.  In such a case there might be a right of recovery against the city.  In the one under consideration there could not, even if it assumed directly to furnish water to the consumer.  "The reason is that the hazard of pecuniary loss might prevent the corporation from assuming duties which, although not strictly corporate nor essential to the corporate existence, largely subserve the public interest.  The supplying water for the extinguishment of fires is precisely one of those acts which bring no profit to the corporation, but are eminently humanitarian.  To hold a city responsible for the loss of a building, or of whole streets of houses, as sometimes happens, because it might be thought, or because in reality some of its indispensable agents had been negligent of their duty, might well frighten our municipal corporations from assuming the startling risk."  (*Foster v. Lookout Water Co.*, 3 Lea [Tenn.], 49, *supra.*)  The liability of the water-works company in this case could not, therefore, devolve upon it by reason of its assumption of certain functions which might properly be assumed by the municipal corporation, for the municipality itself would not be liable under the circumstances, and its right of exemption extends to its substitute.

The plaintiff has not established any privity of contract between himself and the defendant, and we conclude that no action would lie in favor of plaintiff upon the facts

stated in his petition.    The judgment of the district court
is therefore

AFFIRMED.

RAGAN, C., concurs.

IRVINE, C., having been of counsel in the above cause,
took no part in its consideration or decision.