DAVIS v. THE CLINTON WATER WORKS CO.

1. **Contract**: DAMAGES FOR BREACH OF: PRIVITY. The owner of property in a city, which is destroyed by fire, cannot maintain an action to recover damages for its loss from a water company, on the ground that the loss occurred through a failure of the company to furnish water as required by the terms of its contract with the city, there being no privity of contract between the parties to such action.

*Appeal from Clinton Circuit Court.*

TUESDAY, JUNE 15.

ACTION at law to recover the value of certain buildings destroyed by fire, upon the ground that defendant was bound by contract with the city of Clinton to supply water to be used in extinguishing fires and failed to perform its obligation in this respect, which resulted in the destruction of plaintiff's property. A demurrer to the petition was overruled, and defendant appeals from the decision upon the demurrer.

*E. S. Bailey* and *Wright, Gatch & Wright*, for appellant.

*J. S. Darling* and *A. R. Cotton*, for appellee.

BECK, J.—I. The petition alleges that the defendant entered into a contract with the city of Clinton to supply water to be used by the city for the purpose of extinguishing fires. The contract is embodied in an ordinance passed by the city authorizing defendant to establish its works for supplying water to the city, and providing for compensation to be paid defendant by the city for water furnished for public purposes, including the extinguishing of fires. The terms and conditions of this contract need not be recited. It is sufficient to state that the parties thereto were the city and the defendant, and the plaintiff in this case in no sense was a party to the contract. The power of the city to pass the ordinance and enter into the contract is not questioned.

The petition alleges that a fire occurred in certain storerooms owned by plaintiff in the city, and they were entirely consumed for the reason that the necessary supply of water was not furnished by defendant, and a sufficient pressure of water was not found at the hydrants contiguous to the buildings, which was caused by defective machinery and the negligence of defendant's servants, all of which was in violation of defendant's contracts under said ordinance of the city. A demurrer to the petition was overruled.

II. The only question presented in the case is this one: Is the defendant liable to plaintiff upon the contract embodied in the ordinance?

The petition does not allege or show any privity of contract between plaintiff and defendant. The plaintiff is a

1. CONTRACT:
damages for
breach of:
privity.

stranger, and the mere fact that she may find benefits therefrom by the protection of her property, in common with all other persons whose property is similarly situated, does not make her a party to the contract, or create a privity between her and defendant.

It is a rule of law, familiar to the profession, that a privity of contract must exist between the parties to an action upon a contract. One whom the law regards as a stranger to the contract cannot maintain an action thereon. The rule

is founded upon the plainest reasons. The contracting parties control all interests, and are entitled to all rights secured by the contract. If mere strangers may enforce the contract by actions, on the ground of benefits flowing therefrom to them, there would be no certain limit to the number and character of actions which would be brought thereon. Exceptions to this rule exist, which must not be regarded as abrogating the rule itself. Thus, if one under a contract receives goods or property to which another, not a party to the contract, is entitled, he may maintain an action therefor. So the sole beneficiary of a contract may maintain an action to recover property or money to which he is entitled thereunder. In these cases the law implies a promise on the part of the one holding the money or property to account therefor to the beneficiary. Other exceptions to the rule, resting upon similar principles, may exist. See *National Bank v. Grand Lodge*, 98 U. S., 123.

The case before us is not an exception to the rule we have stated. The city, in exercise of its lawful authority, to protect the property of the people, may cause water to be supplied for extinguishing fires and for other objects demanded by the wants of the people. In the exercise of this authority it contracts with defendant to supply the water demanded for these purposes. The plaintiff received benefits from the water thus supplied in common with all the people of the city. These benefits she receives just as she does other benefits from the municipal government, as the benefits enjoyed on account of improved streets, peace and order enforced by police regulation, and the like.

It cannot be claimed that the agents or officers of the city employed by the municipal government to supply water, improve the streets, or maintain good order, are liable to a citizen for loss or damage sustained by reason of the failure to perform their duties and obligations in this respect. They are employed by the city, and responsible alone to the city. The people must trust to the municipal government to enforce

the discharge of duties and obligations by the officers and agents of that government. They cannot hold such officers and agents liable upon the contracts between them and the city.

These views and conclusions are supported by the following authorities: *Atkenson v. New Castle and Gateshead Water Works Co., L. R.*, 2 Exch. Div., 441; *Nickerson v. Bridgeport Hydraulic Co.* (Jan., 1878), 46 Conn., 24; *Vrooman v. Turner*, 69 N. Y., 280; Wharton on Negligence, Secs. 438, 439, 440; Shearman & Redfield on Negligence, Sec. 54.

The cases cited by counsel for plaintiff, we think, are not in conflict with the view we have above expressed.

III. Counsel for defendant base an argument upon the position that the city itself would not be liable to defendant in case it owned and operated the water works. They argue that the defendant, therefore, would not be liable to plaintiff. We find it unnecessary to consider the argument, or the premise upon which it is based. We are content to rest our conclusion upon the grounds and arguments we have attempted to present.

The Circuit Court erred in overruling the demurrer to plaintiff's petition. Its judgment is, therefore,

REVERSED.