WILLIAM WAINWRIGHT and Others, Respondents, *v.* QUEENS COUNTY WATER COMPANY, Appellant.

*Pleading — allegation of a conclusion — promise by one person for the benefit of another, enforcible by the beneficiary — municipal power, as distinguished from duty — status of contractor with "territorial districts" — privity of contract — judicial notice of a general statute.*

An allegation in a complaint that an agreement was entered into by a water company with a fire district (established by the supervisors of a county) "for the benefit of the residents and taxpayers within such fire district, and for the benefit of the plaintiffs," is only the pleader's conclusion as to the effect of the agreement, and is not an allegation of a fact which would be admitted by a demurrer to the complaint.

Privity of contract must exist between the parties to an action brought upon a contract, but where a third person is specifically named in a contract or the promisor receives money or property which he agrees to pay over to a third person, who by adopting the contract becomes a beneficiary thereunder, or where the promisee is under a legal obligation to the third person which the promisor assumes as his own, privity of contract by adoption may be spelled out, but to bring a case within such rule the contract must not only be beneficial to the third party, but it must have been intended for his benefit by the contracting parties.

It is not a part of the corporate duty of a municipal corporation to supply its citizens with light, water, fire apparatus, hospitals or any of those conveniences which to a great extent improve the sanitary condition of the community and are beneficial to the inhabitants; the State delegates to a municipal corporation such powers as privileges, and does not impose them as duties, and while highly beneficial to a community, they are not regarded as beneficial to a municipality in its corporate character.

The power to maintain structures or systems for the supply of water and light is not equivalent to a duty to do so, and no obligation rests upon a municipality in this regard to do the thing it has the power to do. The failure to maintain a water works system in a municipality in proper condition so that a fire would be extinguished if the water supply were sufficient, does not create a cause of action against the municipality in favor of an aggrieved party.

Territorial districts created by the law-making power, but not incorporated, do not stand in any different relation to the powers and duties which they are authorized and permitted to exercise than municipal corporations, and if a territorial district, instead of supplying itself with water by a system owned by it, contracts with a corporation to perform such service, there is no privity of contract between an individual taxpayer in such district and the contracting water company, and there is no official duty assumed by that company, which is responsible to the district alone; and persons who claim to

have been injured, because the agreed supply of water was not furnished, have no cause of action against the company.

Privity of contract is an essential element to an action founded on a breach of contract, and whether an action for damages resulting from the breach be in form on contract or for a wrong, it can only be maintained by a party to the contract.

*Little* v. *Banks*, 85 N. Y. 258, distinguished.

Upon an appeal the appellate court will take judicial notice of a general statute, although not referred to in the pleadings.

APPEAL by the defendant, the Queens County Water Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Queens on the 6th day of January, 1894, upon the decision of the court rendered after a trial at the Kings County Special Term, and also from an order entered in said clerk's office on the 6th day of January, 1894, overruling the defendant's demurrer to the complaint.

The complaint, after setting forth the incorporation of the defendant, alleges that on April 3, 1887, the board of supervisors of Queens county, pursuant to law, established a fire district in the unincorporated village of Rockaway Beach, and authorized such district to purchase apparatus for the extinguishment of fires, and to procure for like purposes a supply of water through hydrants to be set, maintained and supplied by the defendant, at the annual rent or sum for the use of such hydrants of $2,000, to be paid to said defendant upon condition that it should maintain a pressure in its pipes supplying such hydrants at all times sufficient to throw a stream of water forty feet in height through a one-inch nozzle, at a hydrant to be set at the corner of Remsen avenue and the Central boulevard in said district.

That such conditions were accepted by the defendant, and an agreement entered into between it and said fire district whereby defendant bound itself for the term of ten years to supply water to said district, by the means, for the consideration and upon the condition aforesaid, and said district agreed to pay said sum of $2,000 annually, provided the conditions and requirements of said contract were fulfilled.

That said district organized and equipped a fire department, and purchased hose, hose carriage and necessary appliances therefor, and fully performed the agreement upon its part, and annually paid

over to the defendant the sum of $2,000, which was raised by taxation upon the district for the purpose aforesaid.

That plaintiffs were residents of, and taxpayers in, said district, and were taxed and had paid their taxes for the purpose of carrying out said agreement, and that the district was established and said agreement entered into with the defendant for the benefit of the residents and taxpayers of said district, and for the benefit of the plaintiffs, all of which defendant knew when it entered into said agreement, and that the same was entered into by defendant in view of that fact.

That on September 13, 1892, buildings owned by the plaintiffs within said district were destroyed by fire.

That the fire department of said district were present at said fire, and used every means to extinguish it; but were unable so to do because of an inadequate supply of water. That such inadequate supply of water was the result of a failure on the part of defendant to maintain the pressure upon its pipes which it had agreed to supply and maintain, and that if such pressure had been supplied and maintained at the time of the fire, the supply of water would have been adequate, and the fire would have been extinguished.

That by reason of the failure of defendant to perform its agreement, the buildings were destroyed, and plaintiffs suffered damage to the amount of $30,000, for which sum judgment was demanded against the defendant.

Defendant demurred to the complaint on the ground that the facts stated did not constitute a cause of action.

_Jesse Johnson_, for the appellant.

_Daily, Bell & Crane_, for the respondents.

BROWN, P. J.:

The plaintiffs rest their right to recover solely upon the contract entered into between the defendant and the fire district. The allegation is that the defendant " failed, neglected and refused to comply with its agreement   *   *   *   and that by reason thereof " the buildings were destroyed.

No negligence on the part of the defendant is alleged, nor is there any assertion of omission on its part of any act in its power to per-

form, to which could be attributed its failure to supply and maintain the required pressure on its pipes.

The first question presented, therefore, is whether there were such contractual relations between the defendant and the plaintiffs as to support this action ?

The allegation in the complaint which it is claimed established such relation, is that " said agreement was entered into with defendant * * * for the benefit of the residents and taxpayers within said fire district and for the benefit of these plaintiffs." The plaintiffs claim this to be an allegation of a fact, which is admitted by the demurrer. I am of the opinion that it is only the pleader's conclusion as to the effect of the agreement. The substance of the resolution of the board of supervisors and the agreement entered into between the parties is set forth in the second and third paragraphs of the complaint.

No individual taxpayer is named in the agreement, nor is it therein stated to be for their benefit, or that it was intended for their benefit. Nor did the defendant agree to extinguish fires, and it is clear, I think, that the allegation is a conclusion solely from the fact that its performance by the defendant would inure to the benefit of the plaintiffs and other taxpayers of the district.

This is not sufficient to bring the case within the rule that when a promise is made by one person for the benefit of another, it may be enforced at the suit of the latter.

It would serve no useful purpose to renew the discussion that has existed upon this rule since the decision of the case of *Lawrence* v. *Fox* (20 N. Y. 268). Many cases in which that principle has been applied seem to be in conflict with the rule that in an action upon a contract, privity of contract must exist between the parties. But where the third party was specifically named in the contract, or the promisor received money or property which he agreed to pay over to the third party, who, by adopting the contract, became a beneficiary thereunder, or where the promisee was under a legal obligation to the third person, which the promisor assumed as his own and thus connected himself with the transaction, privity of contract by adoption was spelled out.

But it is now settled that, to bring a case within the rule, the contract must not only be beneficial to the third party, but it must have

been intended for his benefit by the contracting parties. (*Ætna Nat. Bank* v. *Fourth Nat. Bank,* 46 N. Y. 82; *Garnsey* v. *Rogers,* 47 id. 233; *Vrooman* v. *Turner,* 69 id. 280.)

In many cases where, as in the one before the court, the performance of the agreement would be beneficial to third persons, recoveries have been denied because the agreement was not specially intended for the benefit of those suing thereon. (*Turk* v. *Ridge,* 41 N. Y. 207; *Merrill* v. *Green,* 55 id. 270; *Simson* v. *Brown,* 68 id. 355.)

This case cannot, therefore, I think, be brought within the rule applicable to promises made for the benefit of third parties.

The case chiefly relied upon to support the action, and the one upon which the learned judge who decided the case at Special Term placed his decision, is *Little* v. *Banks* (85 N. Y. 258).

The decision in that case appears to have been put upon two grounds:

*First.* That the promise sued on was made for the benefit of the plaintiffs.

*Second.* That the contract was with the State for a consideration received from it, upon which the defendants were liable to a private action at the suit of a party injured by a neglect to perform it.

Upon the first ground it is distinguished from the present case in that the plaintiffs there belonged to a class named in the contract for whose benefit the promise, for the breach of which the action was brought, was made, and for which breach the contract fixed the damages and expressly authorized an action therefor in the name of the aggrieved party.

The promise which was broken thus became a part of the consideration of the agreement, and the main question presented for the decision of the court was whether the State officers had authority to insert it in the agreement.

The second ground upon which the decision rested has, in my opinion, no application to the present controversy. It does not support an action on contract and is applicable only to actions for wrongs.

It was first stated by Judge SELDEN in *Weet* v. *Village of Brockport* (16 N. Y. 161, note) as the principle he deduced from English authorities upon which rested the liability of municipal corporations for the misfeasance and nonfeasance of its officers in relation

to the duties with which they were charged as agents of the corporation. Whether it was the correct rule upon which to place municipal liability for such acts is of no importance. It is important, however, that its application was made to the liability of officers charged with a public duty. It was applied in the cases against contractors for keeping the canals of the State in repair, of which the leading authority is *Robinson* v. *Chamberlain* (34 N. Y. 389), and it was held there that one who, by contract with the State, assumes the duties and is invested with the powers of a public officer, is liable for a neglect to perform such duties to a person injured thereby. Those cases were all actions for wrongs. The opinions in *Robinson* v. *Chamberlain* all placed the defendant's liability on the ground of neglect of a public duty, and in *Bennett* v. *Whitney* (94 N. Y. 302) Judge FINCH said the liability was for negligence by an officer in the performance of a public duty.

In *Little* v. *Banks* the State (Code Civ. Proc. § 211) made it the duty of the State Reporter and other officers named to contract for the publication of the reports of the Court of Appeals with a person who should agree to publish and sell the reports on terms most advantageous to the public.

The publication and sale of the reports was thus, by the Legislature, made a public duty. And the person who undertook by a contract with the State officers to publish the reports, was thereby performing a public duty precisely the same as if it had been specifically imposed upon him by act of the Legislature and accepted by him. The defendants in the case cited, therefore, fell within the principle stated and were liable, not on the ground that there was privity of contract between them and the plaintiffs, but for official misconduct. But the present case presents no public duty, and the defendant under its contract has not undertaken to perform any.

The statute under which the board of supervisors acted is not referred to in the complaint, but being a general law we take judicial notice of it.

It authorizes such boards to establish fire districts in any unincorporated village in the State, and to empower such district to procure a supply of water and purchase fire apparatus for the extinguishment of fires therein, * * * and provide for the assessment, levy and collection of the cost thereof upon such district in the

same manner and at the same time as the taxes of the town in which the district was located were assessed and collected. (Chap. 439, Laws 1885.)

Powers similar to those conferred by this statute are granted to municipal corporations of the State by their charters or by the laws applicable to towns and incorporated villages, and it was the purpose of this act to meet the necessity for a supply of water in communities that could not avail themselves of general laws.

It has never been regarded by the courts as a part of the corporate duty of a municipal corporation to supply its citizens with light, water, fire apparatus, hospitals or any of those conveniences which to so great an extent improve the sanitary condition of the community and are beneficial to the inhabitants.

The State delegates such powers as privileges. It does not impose them as duties, and, while highly beneficial to the communities, they are not regarded as beneficial to the municipality in its corporate character.

The power to perform acts or to maintain structures or systems for the supply of water and light is not equivalent to a duty to perform, and no obligation rests upon the municipality in this regard to do the thing it has the power to do, and, hence, the authorities uniformly hold that the failure to maintain a water works system in municipalities in such a condition that it might be determined as a fact that a fire would have been extinguished if the water supply had been sufficient, does not create a cause of action against the municipality in favor of the aggrieved party. ( *Wheeler* v. *Cincinnati*, 19 Ohio St. 19 ; *Van Horn* v. *City of Des Moines*, 63 Iowa, 447 ; *Fisher* v. *City of Boston*, 104 Mass. 94 ; *Tainter* v. *City of Worcester*, 123 id. 311 ; *Edgerly* v. *City of Concord*, 62 N. H. 8 ; *Jewett* v. *New Haven*, 38 Conn. 368 ; *Torbush* v. *Norwich*, 38 id. 225 ; *Grant* v. *Erie*, 69 Penn. St. 420.)

While I am not aware that the precise question decided by the authorities cited has been determined in this State, it has been decided by our courts in cases quite analogous that for the wrong-doing of the agents of the departments of charities and corrections and of the water department the municipality is not liable. ( *Maximilian* v. *Mayor*, 62 N. Y. 160 ; *Smith* v. *City of Rochester*, 76 id. 506, and cases cited.)

The cases of injuries occurring from defective highways have no application to the question under discussion and need not be referred to.

I am unable to perceive how the fire district, the contracting party with the defendant, differed in respect to procuring a supply of water from the municipal corporations referred to in the cases cited. It had no duty to perform, but under the act of the board of supervisors it was permitted to exercise a power. But unless it had a corporate or official duty a contractor with it cannot be brought within the rule applied in *Robinson* v. *Chamberlain* or in *Little* v. *Banks* (*supra*).

And I think it cannot be successfully claimed that territorial districts, created by the law-making power, but not incorporated, stand in any different relation to the powers and duties which they are authorized and permitted to exercise than municipal corporations; and when, instead of supplying itself with water by a system owned and operated by the district, it contracts with a corporation to perform that service, not only is there no privity of contract between the individual taxpayer and the contracting corporation, but there is no official duty assumed by the corporation. The contracting party is responsible to the district alone, and persons who claim to have been injured because the agreed supply of water was not furnished, have no cause of action against the company.

The authorities upon this question in other States, with a single exception, sustain this proposition. (*Davis* v. *Water Works Co.*, 54 Iowa, 59 ; *Fowler* v. *Water Works Co.*, 83 Ga. 219 ; *Foster* v. *Water Works Co.*, 3 Lea, 42 ; *Ferris* v. *Carson Water Co.*, 16 Nev. 44 ; *Nickerson* v. *Bridgeport Hydraulic Co.*, 46 Conn. 24.) And to the same effect is *Atkinson* v. *Water Works Co.* (L. R. [2 Ex. Div.] 441).

I do not see that the relation of the individual taxpayer to the company that agrees to supply water is any different from what it is towards the person who sells the fire engine or the hose to the fire district. The power of the district to contract in all cases is the same, and derived from the statute. But if, from the bursting of a defective hose or the breaking down of a defective engine, the extinguishment of a fire was made impossible, the owner of the destroyed property would have no right of action against the vendor

of those appliances. (*Longmeid* v. *Holliday*, 6 Eng. L. & Eq. 562 ; *Davidson* v. *Nichols*, 93 Mass. [11 Allen] 514 ; *Losee* v. *Clute*, 51 N. Y. 494 ; *Coughtry* v. *Globe Woolen Co.*, 56 id. 127.)

Privity of contract is an essential element to an action founded on a breach of contract, and whether the action for damages resulting from the breach be in form on contract or for a wrong, it can only be maintained by a party to the contract.

There is, in my opinion, no principle or authority upon which this action can be maintained, and the judgment must be reversed and the demurrer sustained.

PRATT, J., concurred ; DYKMAN, J., not voting.

Judgment reversed and demurrer sustained, with costs to appellant.

