Girard L. McEntee, Appellant, *v.* Kingston Water Company, Respondent.

1. Water Works Company — When Contract to Furnish Water between It and a Consumer may be Implied. Where a *quasi* public corporation is chartered to supply water to the citizens of a municipality, and connects the house of a citizen with its street mains, and furnishes him water with more or less regularity for a series of years, for which he pays its prescribed rates, a contract between him and the corporation by which it is to furnish and he is to pay for its water is to be implied.

2. Injunction Restraining Company from Cutting off Supply. Where a company under contract with a citizen to supply him with water fails to do so and the latter refuses to pay a bill rendered, the former will be enjoined *pendente lite* from cutting off the customer from its water system, as the rights of the parties must be determined by the court.

*McEntee* v. *Kingston Water Co.*, 19 App. Div. 632, reversed.

(Argued October 26, 1900; decided November 27, 1900.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 21, 1897, affirming a judgment vacating an injunction *pendente lite* and dismissing the complaint on the merits, entered upon a decision of the court at a Trial Term without a jury.

This action was brought to restrain the defendant from cutting off the water supplied by it from premises occupied by the plaintiff.

The facts, so far as material, are stated in the opinion.

*John G. Van Etten* for appellant.   In the absence of legislative action regulating defendant's water rates, and of any express contract between the parties, the courts have jurisdiction to determine the reasonableness of defendant's charges for water supplied to the plaintiff. (*Munn* v. *Illinois*, 94 U. S. 134; *People ex rel.* v. *B. & A. R. R. Co.*, 70 N. Y. 569; *Sickles* v. *M. G. L. Co.*, 64 How. Pr. 33; *Morey* v. *M. G. L. Co.*, 6 J. & S. 185; *Cromwell* v. *Stevens*, 2 Daly, 15; *Smith* v. *G. & S. Tel. Co.*, 42 Hun, 454; *T. & I. U. G. L. Co.* v. *Bird*, 47 N. Y. S. R. 427.)   The defendant having connected its water system with plaintiff's house, it was its duty to furnish plaintiff with water at reasonable rates. (*N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 84; *Health Dept.* v. *Rector, etc.*, 145 N. Y. 33; *Munn* v. *Illinois*, 94 U. S. 126; *People* v. *King*, 110 N. Y. 428; *Lumbard* v. *Stearns*, 4 Cush. 62; *Grannan* v. *W. R. Assn.*, 16 App. Div. 12; *Coy* v. *I. G. Co.*, 146 Ind. 655; *Williams* v. *M. G. Co.*, 52 Mich. 499.)   It was unreasonable of the defendant to require the plaintiff, under the penalty of being entirely deprived of water, to pay full rates for a past water service only partially supplied. (*Grossman* v. *Dodd,* 63 Hun, 326; *Pearsall* v. *W. U. T. Co.*, 124 N. Y. 268; *Smith* v. *G. & S. T. Co.*, 42 Hun, 454.)   An injunction restraining the defendant from cutting off plaintiff's water supply was properly granted. (2 Beach on Priv. Corp. § 834; 2 Story's Eq. Juris. [11th ed.] § 926; *Van Nest L. & I. Co.* v. *N. Y. & W. W. Co.*, 7 App. Div. 295.)

*A. T. Clearwater* for respondent.   The complaint was properly dismissed. (*Wainwright* v. *Q. C. W. Co.*, 78 Hun, 146.)   The defendant, in the absence of any legislative or contractual condition or restriction, may manage and control its property in the same manner as any other corporation might manage its franchise, and has the right, therefore, by itself to fix the rates which shall be charged for the use of its water, the times at which those rates shall be paid, and may refuse to supply the water, and may cut it off if the rates are not paid. (*Brass* v. *Rathbone*, 8 App. Div. 78; *Wainwright*

v. *Q. C. W. Co.*, 78 Hun, 146; *B. E. Il. Co.* v. *C. T. & E. S. Co.*, 60 Hun, 446; *Nickerson* v. *B. H. Co.*, 46 Conn. 24; *Bailey* v. *Bussing*, 29 Conn. 1; *Hayden* v. *S. Mfg. Co.*, 29 Conn. 548; *McCune* v. *N. C. G. Co.*, 30 Conn. 521; *G. L. Ins. Co.* v. *City of Philadelphia*, 88 Penn. St. 393; *Com.* v. *City of Philadelphia*, 132 Penn. St. 288; *Davis* v. *C. W. W. Co.*, 54 Iowa, 59.)

BARTLETT, J.   The main question presented on this appeal is whether the defendant, having failed to furnish the plaintiff a sufficient supply of water, and the plaintiff, for that reason, refusing to pay a bill rendered, it is competent for the defendant under its rules and regulations to shut off the water from plaintiff's house.

The trial judge and the Appellate Division (without opinion) have sustained the defendant in the exercise of this alleged right.

The controlling facts are practically undisputed and the appeal presents questions of law.

The trial court found that the defendant was incorporated under the Manufacturing Act of 1848 and its amendments, for the purpose of accumulating, storing and supplying the city of Kingston and its inhabitants with water for domestic and manufacturing purposes; that the defendant constructed a system of mains, branches and laterals through the streets of the city by means of which the city and its inhabitants were furnished with water; that the plaintiff is a resident of the city of Kingston, owning a house and premises on Chestnut street, in which he resided with his family, consisting of his wife and children; that the supply of water furnished by the defendant to the plaintiff prior to the beginning of this action had lessened in quantity and pressure, and had at times wholly failed in consequence of the increased number of consumers of water taking their supply from the defendant's works, and at times said supply was insufficient for the plaintiff's family needs, and that the plaintiff had no other means of supply than that furnished by the defendant.

The findings then deal in detail with the rules and regulations and plaintiff's refusal to pay a bill rendered to him; also find the issuing of the injunction restraining defendant from shutting off the water supply from plaintiff's premises.

The counsel for defendant takes the preliminary point that the decision of affirmance below was unanimous.

Neither the order nor the judgment of affirmance discloses this fact.

The questions of law are presented on the facts as found and the admissions in the pleadings. The defendant's counsel, coming to the merits, insists that no contract between the plaintiff and defendant is alleged or proved, and as a result that no privity of contract exists between these parties.

If this be so it is the end of the case, and we must affirm.

Counsel cites three cases in this state, decided in either the Appellate Division or General Term, which, to use his own language, " seem to be absolutely decisive."

The first case is *Brass* v. *Rathbone et al., Water Comrs. of Albany* (8 App. Div. 78 ; affd., 153 N. Y. 435). The commissioners shut off the water from plaintiff's premises when in the exercise of their clear statutory authority.

This decision has no application to the case before us, as the facts are entirely different.

The other cases are *Wainwright* v. *Queens Co. Water Co.* (78 Hun, 46) and *Brush Electric Illuminating Co.* v. *Consolidated Telegraph, etc., Co.* (60 Hun, 446).

In the first of these cases there was a contract between the water company and the fire district of the county to furnish a proper supply of water. The plaintiff sued the water company, alleging that his buildings were destroyed by fire and their total destruction was due to an inadequate water supply under the contract to which reference has been made.

It needs no argument to show that the plaintiff was a stranger to that contract. In the second case the court held the occupancy of the subway by the plaintiff, with knowledge of the rental demanded, constituted a contract with the defendant to pay the rental, and that it could not refuse to pay on

the ground that the sum demanded was unreasonable, and, further, that a statutory remedy was open to plaintiff.

Neither of these cases has any bearing on the questions now before the court.

We come then to consider the legal relations existing between the plaintiff and the defendant.

In the fifth clause of the amended complaint the plaintiff alleges that about the year 1883, at the solicitation of the defendant and relying upon its agreement to supply him with pure and wholesome water sufficient for his family needs, etc., he made extensive alterations in his house; that after the year 1888 defendant failed to supply plaintiff with sufficient water.

The plaintiff, it is true, alleges in the third clause of his amended complaint a contract made in 1882 between one Joseph M. Low and the city of Kingston to furnish the latter with water and that it was assigned to defendant.

This contract was not proved and has nothing to do with the case.

The defendant, when answering the fifth clause of the amended complaint, alleges that in 1883 the plaintiff or some one in his behalf, voluntarily applied to the defendant for a supply of water for one faucet, "such water to be supplied as was agreed, subject to the laws, ordinances, rules and regulations of this defendant then in force or thereafter enacted or adopted, which laws, ordinances, rules and regulations were made and declared to be a contract between the plaintiff or his predecessor in title and the defendant for the supplying of the plaintiff and his premises described in the amended complaint with water." We have here the direct admission that as early as 1883 this defendant was in contractual relations with the plaintiff, subject to the provision that the rules and regulations were a part of the contract.

There are, however, additional considerations that afford a complete answer to the contention that there is no privity of contract between the parties. As already pointed out, the trial court has found that the defendant was incorporated

charged with the duty of supplying the city of Kingston and its inhabitants with water for domestic and manufacturing purposes.

This duty, imposed upon it by the legislature, it failed to perform in plaintiff's case. This is shown by the findings, which might have been far stronger, in the light of the uncontradicted evidence.

The defendant is a *quasi* public corporation, owing certain duties to the general public, and when it connected the plaintiff's house with its street mains in 1883, and furnished him water with more or less regularity for ten years and more, an implied contract existed to the effect that if the defendant performed, the plaintiff would pay its rates.

The duties imposed upon a corporation raise an implied promise of performance. (*N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 85; *Kortright* v. *Buffalo Commercial Bank*, 20 Wend. 91, 94; *The King* v. *Bank of England*, 1 Doug. 523.)

The law supposes that the corporation promises or undertakes to do its duty, and subjects it to answer in a proper action for its defaults whether of nonfeasance or misfeasance, (3 Dane, 109; 5 id. 160; *Bank of Columbia* v. *Patterson*, 7 Cranch, 299, 305, 306, opinion by Mr. Justice Story.)

The principles controlling this case have frequently been decided in the lower courts, and the substance of these decisions is that if the company supplying water, gas, telegraphic information or any other commodity has fully performed its contract and the customer refuses to pay his bills, it is entitled to cut off the supply of the latter under its rules and regulations.

On the other hand, if the company is in default of its contract, express or implied, it would shock the sense of justice if it were to sit as a judge in its own case by cutting off the customer from his contract privileges. In such a situation the rights of the parties must be determined by the courts.

The vacating of the injunction *pendente lite* and the dismissal of the complaint on the merits was error.

The injunction should be restored to full force and effect until final judgment in this action. The judgments of the trial court and the Appellate Division should be reversed and a new trial ordered, with costs in all the courts to abide the event.

GRAY, VANN, CULLEN and WERNER, JJ., concur; PARKER, Ch. J., and MARTIN, J., not sitting.

Judgments reversed, etc.