## SMITH v. GREAT SOUTH BAY WATER CO.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. CONTRACT—WATER COMPANY—DAMAGE BY FIRE—ACTION BY TAXPAYER.

　　A taxpayer had no right of action for damages by fire on a contract of a water company with the town to pay all damage sustained by any persons or property, or recovered or adjudged against the town by reason of its negligence in constructing, operating, or repairing the works.

Appeal from Trial Term, Suffolk County.

Action by Samuel P. Smith against the Great South Bay Water Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Elliott J. Smith, for appellant.
William J. Carr, for respondent.

WOODWARD, J. The complaint dismissed at the trial alleged that the defendant, under a contract with the town of Islip, Long Island, constructed a waterworks system in that town, and erected certain hydrants for the extinguishment of fires; that while the defendant was maintaining such system pursuant to said contract, certain buildings belonging to plaintiff's assignor, a taxpayer of said town, were destroyed by fire by reason of the defendant's failure to keep its fire hydrants in good working order and to have a sufficient head or force of water for the extinguishment of fires. The contract contains these provisions:

"And said party of the first part [the water company] shall and will assume and pay all damage sustained by any persons or property, or recovered or adjudged against the town, by reason of the negligence of the said party of the first part, of their servants, agents or employees, in constructing, operating or repairing said water works, or in the exercise of the rights and privileges hereby granted during the continuance of the franchise, or of any extension or renewal thereof." "Said works shall be kept in good working condition, and for each month that each hydrant shall be unfit for use the town authorities may deduct the sum of five dollars from the price agreed upon to be paid to the party of the first part."

We are asked to overrule Wainwright v. Queens County Water Co., 78 Hun, 146, 28 N. Y. Supp. 987, and to reverse the judgment below, by adapting to the facts of this case the principle of Lawrence v. Fox, 20 N. Y. 268, and kindred cases, as applied in Little v. Banks, 85 N. Y. 258. In the Wainwright Case, supra, Little v.

Banks was fully considered, and the principle of that decision declared inapplicable to a state of facts similar in all material respects to that alleged in the complaint dismissed at the trial of this action. The later cases of Springfield Fire Insurance Co. v. Village of Keeseville, 148 N. Y. 46, 42 N. E. 405, 30 L. R. A. 660, 51 Am. St. Rep. 667, and Buffalo Cement Co. v. McNaughton, 90 Hun, 74, 35 N. Y. Supp. 453, affirmed 156 N. Y. 702, 51 N. E. 1089, have given additional weight to the Wainwright Case as an authority; and in McEntee v. Kingston Water Co., 165 N. Y. 27, 58 N. E. 785, it is said by Judge Bartlett, referring to that case, "It needs no argument to show that the plaintiff was a stranger to that contract." An examination of these cases, and a proper limitation of the doctrine of Lawrence v. Fox, supra, compel the conclusion that the contract between the defendant and the town of Islip was not made for the benefit of the plaintiff's assignor, within the meaning of the rule invoked by the plaintiff in this action. We think the complaint did not state facts sufficient to constitute a cause of action, and was properly dismissed. The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.