SAMUEL P. SMITH, Appellant, *v.* THE GREAT SOUTH BAY WATER COMPANY, Respondent.

*Contract to construct and maintain a water system for a town — a taxpayer, whose buildings are destroyed by fire because of the contractor's failure to fulfill his contract, cannot recover thereon.*

A water works company, under a contract with a town, constructed a water works system in the town and erected certain hydrants for the extinguishment of fires. The contract provided that the water works company "shall and will assume and pay all damage sustained by any persons or property, or recovered or adjudged against the town, by reason of the negligence of the said party of the first part, of their servants, agents or employees, in constructing, operating or repairing said water works, or in the exercise of the rights and privileges hereby granted during the continuance of the franchise, or of any extension or renewal thereof." "Said works shall be kept in good working condition, and for each month that each hydrant shall be unfit for use the town authorities may deduct the sum of five dollars from the price agreed upon to be paid to the party of the first part."

*Held,* that a taxpayer of the town, whose buildings were destroyed by fire because of the failure of the water works company to keep its fire hydrants in good working order and to have a sufficient head or force of water for the extinguishment of fires, was not entitled to maintain an action against the water works company to recover the value of the buildings destroyed, as the contract between the town and the water works company was not made for his benefit.

APPEAL by the plaintiff, Samuel P. Smith, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Suffolk on the 4th day of October, 1901, upon the dismissal of the complaint by direction of the court after a trial at the Suffolk Trial Term.

*Elliott J. Smith,* for the appellant.

*William J. Carr,* for the respondent.

WOODWARD, J.:

The complaint, dismissed at the trial, alleged that the defendant, under a contract with the town of Islip, Long Island, constructed a water works system in that town, and erected certain hydrants for

the extinguishment of fires; that while the defendant was maintaining such system pursuant to said contract, certain buildings belonging to plaintiff's assignor, a taxpayer of said town, were destroyed by fire, by reason of the defendant's failure to keep its fire hydrants in good working order, and to have a sufficient head or force of water for the extinguishment of fires.

The contract contains these provisions: "and said party of the first part (the water company) shall and will assume and pay all damage sustained by any persons or property, or recovered or adjudged against the town, by reason of the negligence of the said party of the first part, of their servants, agents or employees, in constructing, operating or repairing said water works, or in the exercise of the rights and privileges hereby granted during the continuance of the franchise, or of any extension or renewal thereof." "Said works shall be kept in good working condition, and for each month that each hydrant shall be unfit for use the town authorities may deduct the sum of five dollars from the price agreed upon to be paid to the party of the first part."

We are asked to overrule *Wainwright* v. *Queens County Water Co.* (78 Hun, 146) and to reverse the judgment below by adapting to the facts of this case the principle of *Lawrence* v. *Fox* (20 N. Y. 268) and kindred cases, as applied in *Little* v. *Banks* (85 id. 258). In the *Wainwright Case* (*supra*) *Little* v. *Banks* was fully considered, and the principle of that decision declared inapplicable to a state of facts similar in all material respects to that alleged in the complaint dismissed at the trial of this action. The later cases of *Fire Insurance Co.* v. *Village of Keeseville* (148 N. Y. 46) and *Buffalo Cement Co.* v. *McNaughton* (90 Hun, 74; affd., 156 N. Y. 702) have given additional weight to the *Wainwright* case as an authority; and in *McEntee* v. *Kingston Water Co.* (165 N. Y. 27) it is said by Judge BARTLETT, referring to that case: "It needs no argument to show that the plaintiff was a stranger to that contract."

An examination of these cases and a proper limitation of the doctrine of *Lawrence* v. *Fox* (*supra*) compel the conclusion that the contract between the defendant and the town of Islip was not made for the benefit of the plaintiff's assignor, within the meaning of the rule invoked by the plaintiff in this action. We think

the complaint did not state facts sufficient to constitute a cause of action, and was properly dismissed.

The judgment appealed from should be affirmed.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and HOOKER, JJ., concurred.

Judgment affirmed, with costs.