under the imputation and become subject to the penalty of making a false return.   Beardslee v. Dolge, 143 N. Y. 160, 38 N. E. 205, 42 Am. St. Rep. 707."

It follows that the determination herein should be annulled, and the relator restored to his position.

Determination annulled, with costs, and relator restored to his position. All concur.

---

(44 Misc. Rep. 282.)

SCHENECTADY RY. CO. v. UNITED TRACTION CO.

(Supreme Court, Special Term, Montgomery County.   July, 1904.)

1. INJUNCTION—STREET RAILWAYS—USE OF TRACK.

A surface railway company operating in A. and a similar railway company operating between S. and A. entered into an agreement giving the latter road the right to run its cars over the tracks of the former in A., the cars not to be of such excessive size or run at such excessive speed as to endanger the property of the former company.   It was further agreed that, until another type of cars were agreed upon, cars 48 feet over all, and not exceeding 25 tons when loaded, could be used.   The A. Railway Company objected to certain cars which had been run for some time without accident or injury, and used physical force to prevent the S. Railway Company from running the cars over the A. tracks.   *Held* that, in view of the rights of the public to travel over the S. Railway and over the tracks of the A. Railway Company, and of the insignificance of the matters in dispute, the A. Company would be restrained from further interference, and must seek any relief desired in the courts.

Action by the Schenectady Railway Company against the United Traction Company.   Motion to continue an injunction pendente lite. Granted.

James O. Carr (Louis E. Carr, of counsel), for the motion.
Patrick C. Dugan (Edgar L. Fursman, of counsel), opposed.

SPENCER, J.   The parties to this action are street surface railroad corporations engaged in transporting persons and merchandise over and along public thoroughfares by virtue of exclusive franchises granted to them by municipalities.   As common carriers, their duty is to transport over their roads all persons and merchandise that may demand transportation, and to use reasonable diligence in furnishing adequate means and facilities for that purpose.   The time was when any neglect to perform these duties, or any interference by others therewith, was of small importance; but under the present conditions of life their prompt and efficient performance has become a public necessity, and any interference therewith, even for an hour, is the occasion of loss and discomfort to multitudes of people.   In such instances, where the performance of these duties may intrench upon private rights, the latter must wait upon public necessity, and seek protection by means which will not create greater mischiefs than those sought to be cured.

The present contention of these parties grows out of an agreement entered into between them on the 26th day of June, 1901, whereby, among other things, the plaintiff, for a valuable consideration, acquired from the defendant the right to run its cars over certain tracks of the defendant in the city of Albany.   The operation of said cars by the

plaintiff is under the contract, subject to certain terms and conditions, among which are the following:

"The Railway Company [plaintiff] shall not use or operate any car or cars of such excessive weight either with or without loads, or at such unusual or excessive rates of speed, or in any other improper manner, so as to unnecessarily destroy or impair, or unreasonably wear the tracks, curves, turnouts, switches, bridges, track structures or other property of said party of the first part [defendant], or so as to make the maintenance of the track of the United Company [defendant] unusually difficult or expensive. Until another type of car may be agreed upon between the parties hereto, the Railway Company [plaintiff] may operate cars forty-eight feet over all, with four motor equipments, air brake and track brake equipments, etc., said cars to weigh not to exceed twenty-five tons when loaded."

In pursuance of this agreement, the plaintiff, in September, 1901, commenced the operation of its cars upon the defendant's tracks, and continued the same, from day to day, until some time in May, 1904, when the defendant gave notice to the plaintiff that it was operating certain cars which did not comply with the provisions of the contract, and forbade any further operation of such cars. The plaintiff claimed that all the cars then being operated by it were reasonably within the terms and conditions of the contract, and had been accepted and approved by the defendant and operated with its knowledge and consent, and claimed the right to so operate them under the provisions of the contract. Thereupon the defendant placed obstructions upon its tracks, and by physical means prevented the plaintiff from operating certain of its cars thereon, and threatened to continue such obstructions and interferences. The plaintiff now brings this action praying for an injunction restraining the defendant from further interfering in the maner aforesaid with the operation of its cars upon the defendant's tracks. A preliminary injunction having been granted, the present motion is to continue such injunction pending the action.

The defendant denies the right of the plaintiff to maintain the action on the ground that the allegations of the complaint do not constitute a cause of action. I think, however, that the principle invoked by the plaintiff has been too often employed to sustain actions for injunctions to be any longer open to question. Both parties, being corporations of a quasi public character, engaged in a business in which the public have an interest, and in which they necessarily employ public franchises, are prohibited from making contracts which are inconsistent with the purposes for which they were organized and in contravention of their duties. Therefore the contract in question, having especial reference to their duties to the public and in the use of public franchises, must not be construed so as to defeat the purpose for which it was intended, but so as to accomplish the public service which it was intended to subserve. The defendant, being in the enjoyment of and charged with the execution of a public franchise in running public conveyances upon the streets of the city of Albany, may be held responsible for a reasonable and proper use thereof by itself and others under contract with it; and the terms and conditions whereby it has sought to reserve to itself such control are clearly within its rights and duties in that regard. But the defendant having granted to the plaintiff the right to operate cars over its tracks, the prompt, regular, and

efficient operation thereof becomes as much a matter of public concern as the similar operation of the defendant's cars; and any stipulation between the parties that provides for or results in a prevention thereof will be disregarded as inconsistent with the performance of their public duties and against public policy. In this regard they have not the large liberty which private individuals possess in regard to their personal concerns and property, but as quasi public corporations are held strictly to the performance of their public duties irrespective of their mutual covenants with one another.

It is clear from the contract that the control which the defendant retained in respect to the character and operation of the plaintiff's cars was that the plaintiff should not operate cars of such excessive weight and size, or propel them at such excessive rates of speed, as would endanger the defendant's property, and subject it to unusual difficulty or expense. The changing conditions in the methods of transporting passengers and merchandise were clearly in the minds of the parties, and while the defendant may in the first instance have the right to insist that the plaintiff shall not operate cars exceeding the length and weight specifically mentioned in the contract, it nevertheless, having covenanted to agree to the use of cars of other lengths and weights, may not arbitrarily or unreasonably refuse its consent to the operation of such other cars. It must exercise its rights within reason as indicated by the circumstances and the necessities of the situation, and so as not to endanger the public service.

Upon the argument the defendant contended that some of the cars operated by the plaintiff were of such width as to interfere with the passage of cars upon adjoining tracks and of such weight as to cause damage to the contents of houses situated along the streets. I have searched in vain to find anything in the papers submitted that in any way justifies these claims. It appears that the cars referred to have been in operation for a considerable period, and not a single instance of accident or injury resulting from their use has been brought to the attention of the court. Had such an incident happened, the defendant would no doubt have made the same known, and not depended, as it has, upon general and indefinite allegations in that regard. Furthermore, the cars being in daily use by the public, the court may, I think, take judicial notice that their use is not accompanied by such hazards as the defendant contends. The right of the plaintiff to operate cars over the defendant's tracks is conceded by the defendant, but it claims the right to decide as to those which plaintiff may run and those which it may not, and as to the latter it claims the right to employ force to prevent their operation. It is difficult, however, to conceive how the operation of one type of car may be legal while the operation of a slightly different type by the same party is illegal.

I am of the opinion that the defendant has no right to prevent by physical force the operation of plaintiff's cars over its tracks. Defendant's occupation of the streets of Albany is not the same as that of the owner of private property. It may no doubt, in some instances, employ force to resist or prevent trespasses or other illegal interferences with its cars; but it has no such possession or control over the streets of the city or its tracks laid therein that it may employ physical force

to prevent others from passing over the same, or to forcibly remove them therefrom. It has neither duty nor right in that regard. It may not treat such persons as trespassers upon its property, and employ physical force in the enforcement of its rights.

In this connection it will not be out of place to say that it is a matter of current history that public corporations in the employment of public franchises have recently been subjected to great loss, and the public to irreparable injury, from acts of violence done by ignorant and misguided men under the pretext that such corporations were in some way violating their duties, or committing breaches of contracts or other obligations. In such instances the courts have not been slow, or the executive of the state backward, in condemning and punishing the perpetrators of such acts of violence. The defendant is among the last that should invoke the methods of the mob in attempting the enforcement of its rights.

I do not deem it necessary on this motion to decide whether certain cars operated by the plaintiff and objected to by the defendant are or are not strictly within the terms of the agreement, or whether the use and service thereof has been consented to by the defendant. The motion to continue the injunction is granted upon the view that the defendant has not the right to decide for itself the questions involved in this controversy, and to enforce compliance therewith by physical force; that it should have resorted to the courts for the protection of its rights and the justification of its claims.

I have not been referred to any authority that is directly in point and clearly supporting the positions here taken, and I have, therefore, made the decision to rest upon general principles which I believe to be matters of common acceptance among law-abiding persons. The following, however, are a few of the authorities that have led me to the conclusions to which I have arrived: Atlantic & Pacific Telegraph Co. v. Baltimore & Ohio R. R. Co., 46 N. Y. Super. Ct. 377; Sickles v. Manhattan Gas-Light Co., 64 How. Prac. 33; Electric Construction Co. v. Heffernan (Sup.) 12 N. Y. Supp. 336; McEntee v. Kingston Water Co., 165 N. Y. 27, 58 N. E. 785; Davis Machine Co. v. Robinson, 41 Misc. Rep. 329, 84 N. Y. Supp. 837.

Let an order be entered continuing the injunction during the action, with costs to abide the event.

Ordered accordingly.