(101 App. Div. 112)

## WHITEHOUSE v. STATEN ISLAND WATER SUPPLY CO.

(Supreme Court, Appellate Division, Second Department. January 6, 1905.)

1. WATER SUPPLY COMPANY—TRANSACTIONS WITH CONSUMER—IMPLIED CONTRACT—COMPLIANCE.

Where, when plaintiff moved into a residence, connection had been made with a water main, and for several years he annually paid the water company the required rental, a contract was implied between him and the water company, whereby it undertook to supply him with water in his residence sufficient for ordinary uses; and the fact that plaintiff's residence was on an eminence, so that the pressure did not cause the water to flow thereto, but that there was a sufficient supply at the junction between the main and service pipe, was not an excuse for a failure to comply with the contract.

2. SAME—FAILURE OF WATER SUPPLY—MEASURE OF DAMAGES.

Where a water company failed to supply a consumer with water, whereby he was obliged to draw water from another source, in an action by him for damages the measure thereof was the fair value of the labor employed.

3. SAME—INSUFFICIENT PRESSURE—DEFENSES.

In an action by a consumer of water against a water company for breach of a contract to supply water, the fact that the weather had been excessively cold, and the company unable to maintain its usual pressure because water taps of consumers were left open to prevent freezing, was no defense.

4 SAME—REGULATION OF COMPANY—VIOLATION—ACTION FOR FAILURE OF SUPPLY—DEFENSE.

Where a regulation of a water company prohibited the leaving open of faucets to prevent frosting of pipes in cold weather, in an action by a consumer for failure to supply water defendant should not be allowed to set up as a defense its failure to enforce the regulation, whereby the pressure had been so reduced that it could not supply plaintiff.

Appeal from Municipal Court, Borough of Richmond, First District.

Action by George M. Whitehouse against the Staten Island Water Supply Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG. P. J., and BARTLETT, WOODWARD, and HOOKER, JJ.

Howard R. Bayne, for appellant.

T. Ludlow Chrystie, for respondent

HOOKER, J. The defendant was successful in the Municipal Court in an action brought by the plaintiff to recover damages for its failure to supply him with water during the months of January and February, 1904. The plaintiff has appealed.

The defendant is a domestic corporation, duly organized under chapter 737, p. 1100, of the Laws of 1873, and the laws supplementary thereto and amendatory thereof, for the purpose of supplying the inhabitants of the village of New Brighton with pure and wholesome water at reasonable rates. Pursuant to provisions of chapter 378 of the Laws of 1897, the village of New Brighton was consolidated into the present city of New York. For many years the plaintiff has occupied as a dwelling house premises located on Hamilton avenue, in New Brighton, and since the consolidation has resided at the same place, in what is now called the "Borough of Richmond," in the city of New York. For nearly 20 years prior to the 1st of May, 1903, the plaintiff was a customer, at his residence on Hamilton avenue, New Brighton, in the present borough of Richmond, of the water supplied by the defendant, and on or about that day the plaintiff paid to the defendant the rate for which the defendant promised and agreed to supply him under the usual conditions with water for the ensuing year. During part of the months of January and February, 1904, however, the defendant failed to supply the plaintiff with water. During part of this time the supply was quite insufficient, and during the balance he procured no appreciable quantity of water from it, and, in order to

obtain water for his necessary domestic uses, he was compelled to employ labor and apparatus to draw water from a cistern into a tank in his house; and the plaintiff claims to be damaged to the extent of the fair value of the labor he employed. There is no dispute on the question that during a considerable period of the month of January and a portion of the month of February, 1904, the plaintiff failed to receive water through the pipes from the defendant's supply, and no evidence was offered tending to contradict that of the plaintiff, showing the measure of his damage.

The principal question presented by the record for the consideration of the court is whether, under the contract existing between the parties to this action, the defendant's failure to supply water to the plaintiff during a considerable portion of the month of January and part of the month of February, 1904, was a breach of that contract, for which the plaintiff is entitled to recover as damages the fair value of services rendered to the plaintiff in pumping water from his cistern for his use. The defendant is a quasi public corporation, chartered to supply water to citizens of what was formerly New Brighton. When the plaintiff moved into his present residence, connection had been made between that residence and the defendant's main in St. Mark's Place by means of a service pipe, and, upon the plaintiff's taking up his residence there, he paid to the defendant the sum of money it asked each year for the supply of water which he proposed to use. The rate was readjusted after he had lived there a short time, for the reason that he thought he was paying a larger rate than the regulations of the defendant called for. One of the defendant's agents, upon the basis of the established rates, took an inventory of what the plaintiff was using, and readjusted the rate. This rate was paid for many years, and on or about the 1st day of May, 1903, the plaintiff again paid to the defendant, and the latter received, the annual rental. Under these circumstances, a contract is implied between the plaintiff and the defendant corporation, by virtue of which it undertakes to supply him with water. McEntee v. Kingston Water Co., 165 N. Y. 27, 58 N. E. 785. There must necessarily be implied in this contract a provision that the supply by the defendant for which the plaintiff is paying shall be sufficient for the ordinary uses to which the plaintiff has put it. It is unquestioned that there has been a breach of that contract, and the measure of damages adopted by the plaintiff is not, nor could it well be, questioned. The defendant sought to escape liability on the theory that the contract with the plaintiff was simply to supply water at the junction of the service pipe and the water main in St. Mark's Place, and that because the plaintiff's residence was on an eminence, and at an altitude considerably above other premises supplied from the St. Mark's main, it was not liable, provided it could show that water could have been obtained from the junction of the main and the service pipe. Such was not the contract between the parties. Were such provision properly to be incorporated into an implied contract between water companies and consumers, it would, at the option of the water company, relieve it from all liability for its failure to force water into

the houses of its consumers, by showing that water could have been obtained in the street below ground in the water mains.   The implied contract in this case was to supply the plaintiff with water, no matter what the altitude of his house was above the water main, for this had been the custom for many years, and the defendant had been paid the rates demanded for supplying water at the house; and again, in continuance of the contract, on the 1st day of May, 1903, the defendant accepted payment of the full rate for the ensuing year, which implied a contract to continue the service as it had been rendered, and that was that the plaintiff should have water in his house.

The only other defense relied upon by the defendant, namely, that, owing to the excessive cold weather, the defendant had been unable to maintain its usual pressure, on account of the fact that the water taps of consumers were generally open, and allowed to remain so, to keep up a circulation of water for the purpose of preventing freezing, is not sufficient to relieve the defendant of liability.   The action is not one of neglience, but to recover damages for a breach of a contract, and where a contract is absolute the vis major is not an excuse for nonperformance.   Harmony v. Bingham, 12 N. Y. 99, 62 Am. Dec. 142;   Ward v. H. R. R. Co., 125 N. Y. 230, 26 N. E. 256.   It is to be observed that one of the rules and regulations of the defendant company, incorporated into the contract between it and its consumers, and numbered section 12, on the reverse side of the water receipts, reads as follows: "It is mutually understood and agreed that faucets are not to be left open to prevent frosting of pipes in cold weather, nor to obtain cool water in warm weather."   Such a regulation appears on its face to be reasonable, and it is clear therefrom that the defendant had adopted the same so that it might prevent the occurrence of such a condition as it now claims was accountable for the failure of the plaintiff to obtain water during this cold weather.   Our opinion is that although the circumstance is not, in any event, a defense to this action, the defendant should not be allowed here to take advantage of its failure to enforce one of its own regulations, enacted for the purpose of preventing the occurrence complained of.

For these reasons, the judgment should be reversed and a new trial granted;   costs to abide the event.   All concur.