THE CITY OF GALENA *et al.*

*v.*

THE GALENA WATER COMPANY.

*Opinion filed October 23, 1907.*

1. PARTIES—*when the plaintiffs are improperly joined.* A city which owns a school building and the school directors who control and manage the same cannot be joined as plaintiffs in an action against a water company to recover damages for loss of the building by fire, which loss is alleged to be due to the negligence of the company and its failure to obey the provisions of the ordinance granting its rights.

2. PLEADING—*misjoinder of parties plaintiff is properly raised by demurrer.* The question of misjoinder of parties plaintiff is properly raised by demurrer, and it is not essential that the special causes for demurrer shall specify, in so many words, that there is a misjoinder of parties plaintiff, if such is clearly their import in attacking the right of the plaintiffs to maintain the action.

3. APPEALS AND ERRORS—*Supreme Court will not decide questions not properly before it.* Upon appeal the Supreme Court will pass upon such questions, only, as are involved in reviewing the judgment, and will not pass upon a question of law, however much desired by the parties, which goes to the merits of the case, unless that question is properly before it for decision.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of JoDaviess county; the Hon. R. S. FARRAND, Judge, presiding.

This suit was brought by appellants, the city of Galena and the board of school directors of school district No. 120 of the county of JoDaviess, against the Galena Water Company, appellee, to recover damages for the loss of a high school building by fire, which, it is alleged, resulted from the negligent breach of a contract entered into between the city of Galena, in 1886, and Henry S. Raymond, predecessor of the Galena Water Company.

The substance of the declaration is correctly stated in the opinion of the Appellate Court in the following language: "The first count of the new declaration (which will herein be called the declaration) sets out a contract made in 1886 between the city of Galena and Henry S. Raymond, his successors and assigns, for the construction and operation by the latter of a system of water-works in said city, in which contract is embodied an ordinance passed by the city of Galena, which Raymond therein agreed to fulfill and perform. The first section of the ordinance granted Raymond, his successors and assigns, the franchise for thirty years to maintain and operate, within and near the city of Galena, water-works for supplying the city and inhabitants thereof with water for public and private uses. The second section provided: 'The water supplied by said works shall be good, clear water, of sufficient quantity for all domestic, fire and manufacturing purposes within said city and suitable for those purposes.' Section 3 provided for the capacity of pumping engines, and that they 'shall be so connected to the pipe system that the pressure may be changed from gravity to direct pumping within at least fifteen minutes.' It also provided: 'A stand-pipe shall be erected on accessible high ground, of sufficient elevation to give reliable pressure for the use of the water in extinguishing fires in the buildings upon the hills in said city as well as below.' Section 5 provided for the size and length of pipe to be laid throughout the city under the pipe system submitted with the ordinance and for the testing of said pipe to withstand a certain pressure, and provided that such pipe 'shall be of ample size to carry out the provisions of this agreement, and affording the city where said pipes are laid first-class protection from fires.' The ordinance provided that the city should rent a certain number of fire hydrants and pay certain annual rentals for the use thereof. The declaration averred that Raymond constructed the water-works and entered upon the performance of the conditions and obliga-

tions of said ordinance, and that afterwards his agreements and covenants were assumed by the Galena Water-Works Company, and that the city rented the hydrants and paid the annual rental as agreed. The first count then charged that on or about April 11, 1904, a fire broke out in the uppermost part of a three-story brick building owned by said city of Galena and controlled and managed by said board of school directors and situated upon certain lots in said city; that the fire alarm was promptly given and the water company notified of the location of the fire; that the fire companies of the city promptly responded and arrived promptly at said fire with their appliances, which were attached to the nearest fire hydrants, and were adequate and sufficient for the extinguishment of said fire and the hydrants near enough to said buildings to have afforded water adequate for the extinguishment of said fire if a sufficient quantity of water, as provided in section 3 of said ordinance, had been supplied, but that defendant persistently, carelessly and negligently failed to supply said hydrants with a sufficient quantity of water for the extinguishment of said fire, in violation of its obligation under section 2 of said ordinance and contract, and that by reason of the tortious and negligent conduct of said water company to supply said hydrants with a sufficient quantity of water for the extinguishment of said fire, it spread to the remaining portions of the building and destroyed it. The second, third and fourth counts of the declaration each referred to the first count for the statement of the contract and ordinance and their provisions, and described in like manner the building and the fire and the giving of the fire alarm to the water company. The second count then alleged that the water company was notified by the chief of the fire department and by members of the board of school directors to change the pressure of the pipe system from gravity to direct pressure, and that if this had been done the fire could have been extinguished, but that the water company carelessly, negligently and persistently failed

and refused to change the pressure from gravity to direct pressure within fifteen minutes after being so notified, as it was bound to do by section 3 of said ordinance, and that as a result the building was destroyed by fire.   The third count alleged, in addition, that the school building was situated upon one of the hills of said city; that the water company carelessly, willfully and negligently failed and refused to erect a stand-pipe on accessible high ground of sufficient elevation to give reliable pressure for the use of water in extinguishing fires in buildings upon the hills of said city, as bound to do by section 3 of said ordinance, and that on account of such careless, willful and wanton neglect of the water company the building was destroyed by fire.   The fourth count charged these facts, and that the hydrants were sufficiently near the building to have afforded water adequate for the extinguishment of the fire if the pipes of the water company running to said hydrants had been of ample size to have afforded said city first-class protection from fire, as the company was bound by said ordinance to furnish, but that the company refused and neglected to lay pipes of sufficient size to furnish water sufficient for the extinguishment of said fire, and because thereof the building was destroyed."

To the declaration appellee interposed a general and special demurrer, which was sustained by the circuit court and a judgment rendered against appellants for costs.   From that judgment appellants prosecuted an appeal to the Appellate Court for the Second District, where the judgment of the circuit court was affirmed, and appellants having obtained a certificate of importance from the Appellate Court have prosecuted a further appeal to this court.

M. J. DILLON, City Attorney, and JONES & KERZ, for appellants.

SHEEAN & SHEEAN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

We understand appellants to contend that the demurrer was special, and that the right of the parties to join as plaintiffs was not one of the special grounds of demurrer. The first part of the demurrer was in the usual form of a general demurrer, and concludes by praying judgment that plaintiffs be barred from maintaining their action. Following that are fourteen causes of demurrer. None of them go to the form of the declaration, and while none of the special causes assigned say, in so many words, that there was a misjoinder of parties plaintiff, they all relate to the right of the plaintiffs to maintain the action, and some of them question the right of the board of directors to maintain any action under the contract set out in the declaration. We think the demurrer properly raised the question of the right of the board of school directors to maintain the action or to join with the city of Galena as a co-plaintiff. The judgment of the Appellate Court, as shown by the opinion of that court, was based upon the proposition that appellants were improperly joined as co-plaintiffs in the suit and that this question was properly raised by the demurrer. The averment of the declaration as to title is, that the building was owned by the city of Galena but was controlled and managed by the school directors of district No. 120. It would seem, under that averment, that there is no room for argument as to the impropriety of joining both parties as co-plaintiffs, and this question is properly raised by demurrer. 1 Chitty's Pl. 66; 1 Tidd's Pr. 694.

The principal portions of the very able briefs and arguments of counsel on both sides are devoted to the proposition whether the city of Galena has a right of action against the water company, under the circumstances set out in the declaration, for the destruction of property belonging to it, and we are earnestly asked to pass upon that question. It is conceded that, by the great weight of authority in this country, where a city contracts with a private party or cor-

poration to construct and operate water-works for the purpose of furnishing water to the city and its citizens, a property owner cannot hold the city or water company liable for loss by fire occasioned by the failure of the water company to furnish an adequate supply of water for fire protection. This question has never been passed upon by this court but it has been before the highest judicial tribunals of a large number of other States in this country, and in all of them, except three, the rule above stated has been announced and adhered to. Kentucky, North Carolina and Florida are the States holding a contrary view. Only one State, California, (*Town of Ukiah City* v. *Ukiah Water and Improvement Co.* 64 L. R. A. 233,) has passed upon the right of a city to maintain an action against a private party or corporation with whom it has contracted for the construction and operation of water-works for the city and its inhabitants, to recover of the water company for a destruction of the city's property caused by a failure of the water company to furnish a sufficient supply of water. For these reasons we are requested by counsel on both sides to pass upon the question of the city's right of action. We do not consider that question properly before us, for in our view of the case the judgment of the Appellate Court must be affirmed no matter what conclusion we might reach as to whether the city, if it had sued alone, would have had a right of recovery under the averments of the declaration. However desirable it may be to the parties interested in this suit, or to the public, that this question should be settled by this court, it cannot be done in any proper way until presented in such manner that its determination is necessarily involved in a decision of the case before us. This court's time is too fully occupied in the determination of questions necessary to the decision of cases before it to give time to the investigation and discussion of questions which are not involved in a decision of a pending case; and especially so where the determination of such questions, no matter what we might hold the law to be

thereon, could not be of any advantage or benefit to the parties in the particular case before us.

For the reasons indicated we are of opinion the judgment of the Appellate Court was right, and said judgment is affirmed.

*Judgment affirmed.*