7123

COOKE v. PARIS MOUNTAIN WATER CO.

DAMAGES—TOWNS AND CITIES—WATER COMPANY.—The provision in a contract between a water supply company and a municipality that it would furnish an adequate supply of water for the extinguishment of fires does not carry liability to a private owner of property for losses which would have been prevented if the defendant had not negligently failed to provide water pressure sufficient to extinguish the fire.

Before KLUGH, J., Greenville, March, 1908. Reversed.

Action by C. E. Cooke against Paris Mountain Water Company and American Pipe Manufacturing Company. From order overruling demurrer, defendants appeal.

*Messrs. Cothran, Dean & Cothran,* for appellants, cite: 19 S. C., 412; 58 S. C., 413; 30 Ency., 430, and cases cited in note; 15 L. R. A., 375; 1 Farnham on Waters, 842-8; 6 L. R. A. (N. S.), 429; 33 L. R. A., 59; 215 Pa. St., 275.

*Mr. J. J. McSwain,* contra, cites: 29 Cyc., 426; 20 Cyc., 1159, 1160; 62 S. C., 232; 49 L. R. A., 572; 36 L. R. A., 535; 19 S. C., 412; 46 L. R. A., 514; 6 L. R. A. (N. S.), 1171; 200 U. S., 59.

April 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This is an appeal from an order overruling a demurrer to the complaint. The contract of the defendant with the city of Greenville is not in the record, while in the very similar case of *Ancrum* v. *Camden Water, Light and Ice Co., post* 284, the contract of the water company was set out as a part of the complaint. The complaint in this case, however, rests on the proposition that a contract of a water company with a municipality, containing a general

stipulation that it would furnish an adequate supply of water for the extinguishment of fires, carries with such stipulation liability to a private owner of property for fire losses, which would have been prevented if the defendant had not negligently failed to provide water pressure sufficient to extinguish the fire. The case of *Ancrum* v. *Camden Water, Light and Ice Co.* holds that the contract does not cover such liability, and that the plaintiff cannot recover.

The judgment of the Circuit Court is reversed.