COLLIER v. NEWPORT WATER, LIGHT AND POWER COMPANY.

Opinion delivered July 10, 1911.

1. WATER COMPANY—CONTRACT TO SUPPLY WATER FOR FIRES—LIABILITY.—A private citizen can not sue a water company to recover damages for losses by fire sustained by him by reason of the water company's failure to furnish a certain pressure of water for the extinguishment of fires, as there is no privity of contract between him and the water company which will allow him to sue for a breach of the contract, or of the duty growing out of the contract with the city. (Page 51.)

2. JUDGMENT—MOTION IN ARREST.—A motion in arrest of judgment is not recognized in civil causes in this State; and where it does obtain, it can be maintained only for a defect upon the face of the record, of which the evidence constitutes no part. (Page 52.)

3. SAME—NOTWITHSTANDING VERDICT.—Where a verdict is rendered for the plaintiff, but the defendant reserves the case for further consideration, if the court finds from the face of the pleadings that defendant is entitled to a verdict, judgment may be entered notwithstanding the verdict. (Page 52.)

Appeal from Jackson Circuit Court; *Charles Coffin,* Judge; affirmed.

### STATEMENT BY THE COURT.

This suit was brought by appellants against appellee for damages resulting from the destruction by fire of their property situated in the city of Newport, Ark., alleged to have been caused by the negligent failure of said company to furnish water and pressure sufficient to extinguish the fire as it was bound to do by its contract with the city.

It was alleged that appellants were inhabitants, taxpayers and owners of property in said city, which had authority under the law to provide a water supply by the erection of water-works itself, or contract therefor; that the city contracted with the Newport Water Company to furnish said city with pure, wholesome water for the use of its citizens, and "force and quantity sufficient to protect the residents of the city from loss by fire," that appellee purchased all the property and franchises of the Newport Water Company and became successor thereto, and by said contract assumed all the duties and obligations thereof. By the terms of the contract, it was required to furnish for fire purposes a pressure from an elevated tank and pumps, the said pumps to be capable of working against a pressure of 150 lbs. to the square inch; during the progress of a fire in said city to furnish appliances necessary to produce said pressure and force at all times sufficient to protect the residents of said city from loss by fire; that the pressure from the elevated tank and its capacity should be sufficient to discharge through 150 feet of hose from any of its hydrants in any portion of the city from one-inch streams to the top of any building then erected, and to the top of any building thereafter erected up to five stories high for two hours continually without pumping; and further, upon an alarm of fire, there was to be said pressure from the pump within 20 minutes from the time of the alarm, etc."; that the city was to pay the company annual rent for fire hydrants $2,400. Alleged further that a fire broke out on April 9, 1909, within the block where appellee's property was situated; that the alarm was turned in, and the fire company arrived promptly with their hose and all other appliances necessary to the extinguishment of the fire, and

attached the hose, which was in every respect sufficiently adequate, to the hydrants of the company, which were sufficiently near the property to afford water for the extinguishment of the fire if there had been proper pressure; that, because of the failure of said company to furnish the water and pressure, as it agreed and was bound by its contract with the city to do, the property of appellants was destroyed by fire to their damage in the value thereof; that the failure of the defendant to provide water and pressure for the extinguishment of the fire was not caused by accident, but was the result of wanton carelessness and wilful disregard and neglect of the duty and obligation contracted and owed to the inhabitants of said city of Newport, including appellants.

The causes of action were by order of the court and consent of the parties consolidated. The general demurrer was filed to each of the complaints, and by the court overruled, and exceptions saved. The appellee answered, admitting the contract made by the city with the Newport Water Company; that it had purchased from one Williams all of the stock of the Newport Company, and was the owner thereof; but denied specifically that it ever undertook to carry out the contract of said company with the city of Newport; alleged that the fire originated on the premises of one of the plaintiffs by his own carelessness; denied any contract whatever on its part with the city, undertaking to insure the inhabitants against loss by fire, and alleged that it did all in its power to prevent, as far as it could, the destruction of the property of complainants by fire; denied that it failed or refused to furnish water to extinguish it, and that plaintiffs were damaged by its alleged failure.

Testimony was introduced, and the jury instructed, and a verdict for each of appellants was returned by the jury, after the court's refusal of the request of the water company to direct verdicts in its favor. After the return of the verdicts, the company requested that no judgments should be entered thereon until it had time to prepare and file a motion in arrest of judgment and for judgment notwithstanding the verdict. It was granted by the court, and the motion filed. The motion came on to be heard; it was sustained, and the verdict set aside, and a judgment in each of the causes rendered in favor of the appellee. Such action and ruling

of the court was excepted to, and from the judgment this appeal comes.

*Jones & Campbell, Ira J. Mack* and *John W. Newman,* for appellants.

Appellant, by taking the benefits under this contract, also assumed the burdens thereof.  37 Ark. 23.  A motion in arrest of judgment can be maintained only for a defect upon the face of the record, and the evidence is no part of the record for this purpose.  126 S. W. 1085; 112 U. S. 604; 142 U. S. 12; 17 Ark. 71.  A party for whose benefit a contract is made may maintain an action thereon in his own name.  64 Ark. 672; 31 Ark. 155; 46 Ark. 132.  The contract was made for appellant's benefit.  124 N. C. 328; 46 L. R. A. 513; 104 Mo. 270; 16 S. W. 198; 20 N. Y. 268; 68 N. Y. 355; 69 N. Y. 280; 25 Am. R. 195; 23 Fla. 160; 2 So. 6; 18 Fed. 519; 36 Kan. 246; 59 Am. R. 541; 13 Pac. 398.  Appellee is liable for the damages caused by the fire.  89 Ky. 340: 12 S. W. 544; 13 S. W. 249; 7 L. R. A. 77; 29 Am. St. 536; 120 Ky. 40; 85 S. W. 205; 122; Ky. 639; 92 S. W. 568; 135 N. C. 553; 47 S. E. 615; 52 Fla. 371; 120 Am. St. 207; 42 So. 81; 40 So. 556; 133 S. W. 573.  Failure to furnish water was the proximate cause of destruction of the property.  21 L. R. A. (N. S.) 1034; 83 Ark. 588; 75 Ark. 133; 17 L. R. A. 310; 7 Wall. 49; 41 L. R. A. 381; 58 Am. R. 789; 50 Am. R. 352; 2 L. R. A. 695; 42 So. 81; 6 L. R. A. (N. S.) 1171; 49 So. 556; 21 L. R. A. 1034.

*Phillips & Boyce* and *Campbell & Suits,* for appellee.

There is no sound legal theory upon which plaintiff may recover.  4 Ark. 304; 27 Ark. 572; 34 Ark. 105; 49 Ark. 139; 52 Ark. 84; 73 Ark. 447; 74 Ark. 519; 93 Ark. 250; 94 Ark. 54; *Id.* 80; *Id.* 380; 79 Ala. 233; 146 Ala. 374; 41 So. 76; 6 L. R. A. (N. S.) 429; 9 A. & E. Ann. Cas. 1068;  142 Cal. 173; 100 Am. St. 107; 67 L. R. A. 231; 113 Pac. 375; 46 Conn. 34; 33 Am. R. 1; 83 Ga. 219; 9 S. E. 693; 20 Am. St. 313; 64 S. E. 574; 6 Ga. App. 113; 132 Ga. 387; 64 S. E. 330; 4 Idaho 618; 95 Am. St. 161; 43 Pac. 69; 118 Ill. App. 533; 132 Ill. App. 332; 139 Ind. 214; 37 N. E. 982; 47 Am. St. 258; 54 Ia. 59; 6 N. W. 126; 37 Am. R. 185; 63 Ia. 447; 50 Am. R. 750; 19 N. W. 293; 79 Ia. 419; 44 N. W. 194; 18 Am. St. 377; 48 Kan. 12; 30 Am. St. 267; 15 L. R. A. 375; 28 Pac. 989; 17 B. Mon. 722; 66 Am.

D. 186; 131 La. 1091; 104 Am. St. 525; 104 Me. 217; 71 Atl.
769; 21 L. R. A. (N. S.) 1021; 78 Miss. 389; 28 So. 877; 42 Mo.
App. 118; 119 Mo. 304; 24 S. W. 784; 23 L. R. A. 146; 41 Am.
St. 654; 202 Mo. 324; 100 S. W. 651; 37 Neb. 546; 16 Neb. 44;
78 Hun 146; 28 N. Y. S. 987; 71 Ohio 250; 11 Atl. 300; 215
Pa. 275; 64 S. E. 157; 82 S. C. 235; 71 Tenn. 42; 22 S. W. 277;
88 Tex. 233. Failure to furnish water was not the proximate
cause of loss. 55 Ark. 510; 139 U. S. 223; 133 *Id.* 387; 58 Ark.
157; 65 Ark. 27.

KIRBY, J., (after stating the facts). The great, not to say
overwhelming, weight of authority is against the right of appel-
lants to maintain the suits, and the court feels constrained,
on that account, to decide the case in accordance with such
weight of authority. The principal ground for denying the
right of an individual to recover in a case of this kind is that
there is no privity of contract between him and the water
company which will allow him to sue for a breach of the contract
and of the duty growing out of the contract with the city.
It is unnecessary to restate the reasoning leading to the con-
clusion against the right of a person under simular con-
ditions to recover damages for losses by fire occasioned
by the failure of a waterworks company to furnish pressure
sufficient and a supply of water as it had agreed to do in its
contract with the city, since it is set out in the following
cases: *Hone* v. *Water Co.,* 104 Me. 217, 71 Atl. 769, 21 L. R. A.
(N. S.) 1021; *Metropolitan Trust Co.* v. *Topeka Water Co.,*
132 Fed. 702; *Lovejoy* v. *Bessemer Water Works Co.,* 146 Ala.
374, 41 So. 76, 6 L. R. A. (N. S.) 429, 9 A. & E. Ann. Cases
1069; *Ukiah* v. *Ukiah Water & Improvement Co.,* 173 Cal. 113, 100
Am. St. Rep. 107, 64 L. R. A. 231; *Neihaus Bros. Co.* v. *Contra
Costa Water Co.,* 113 Pac. (Cal.) 375; *Nickerson* v. *Bridgeport Hy-
draulic Co.,* 46 Conn. 24, 33 Am. Rep. 1; *Fowler* v. *Athens City
Water Works Co.,* 83 Ga. 219, 9 S. E. 693; *Holloway* v. *Macon
Gas, Light and Water Co.,* 132 Ga. 387, 64 S. E. 330; *Bush* v.
*Artesian Water Co.,* 4 Idaho 618, 43 Pac. 69; *Peck* v. *Sterling
Water Co.,* 118 Ill. App. 533; *Galena* y. *Galena Water Co.,* 229
Ill. 128, 132 Ill. App. 332, 82 N. E. 421; *Fitch* v. *Seymour
Water Co.,* 139 Indiana 214, 37 N. E. 982, 47 Am. St. Rep. 258;
*Davis* v. *Clinton Water Works Co.,* 54 Ia. 59, 6 N. W. 126; *Becker*
v. *Keokuk Water Works Co.,* 79 Ia. 419, 49 N. W. 194, 18 Am

St. Rep. 377; *Mott* v. *Cherryvale Water & Mfg. Co.,* 48 Kan. 12, 28 Pac. 989, 15 L. R. A. 375; *Allen & Currey Mfg. Co.* v. *Shreveport Water Works,* 113 La. 1091, 104 Am. St. Rep. 525, 2 A. & E. Ann. Cas. 471, 68 L. R. A. 650, 37 So. 980; *Wilkinson* v. *Light, Heat & Water Co.,* 78 Miss. 389, 28 So. 877; *Phoenix Ins. Co.* v. *Trenton Water Co.,* 42 Mo. App. 118; *Howsman* v. *Trenton Water Co.,* 119 Mo. 304, 24 S. E. 784, 23 L. R. A. 146, 41 Am. St. Rep. 654; *Houck* v. *Cape Girardeau Water Works Co.,* 114 S. W. 1099; *Metz* v. *Cape Girardeau Water Co.,* 202 Mo. 324, 100 S. W. 651; *Eaton* v. *Fairbury Water Works Co.,* 37 Neb. 546, 56 N. E. 201, 21 L. R. A. 653, 40 Am. St. Rep. 510; *Ferris* v. *Carson Water Co.,* 16 Nev. 44, 40 Am. Rep. 485; *Wainwright* v. *Queenstown Water Works Co.,* 78 Hun (N. Y.) 146, 28 N. Y. Supp. 987; *Springfield Ins. Co.* v. *Keeseville,* 148 N. Y. 46, 42 N. E. 405, 30 L. R. A. 660 51 Am. St. Rep. 667; *Smith* v. *Water Co.,* 81 N. Y. Supp. 812; *Blunk* v. *Dennison Water Supply Co.,* 71 Ohio St. 250, 2 A. & E. Ann. Cas. 852, 73 N. E. 210; *Beck* v. *Kittanning Water Co.,* 8 Sadler (Pa.) 237, 11 Atl. 300; *Thompson* v. *Springfield Water Co.,* 215 Pa. St. 275, 7 A. & E. Ann. Cas. 473, 64 Atl. 521; *Cooke* v. *Paris Mt. Water Co.* 82 S. C. 235, 64 S. E. 157; *Abcrum* v. *Camden Water & Light Co.,* 82 S. C. 284, 64 S. E. 151, 21 L. R. A. (N. S.) 1029; *Foster* v. *Lookout Water Co.,* 71 Tenn. 42, 33 Am. Rep. 8; *House* v. *Houston Water Works Co.,* 88 Tex. 233, 31 S. E. 179, 28 L. R. A. 532; *Greenville Water Co.,* v. *Beckham,* 118 S. W. 889; *Nichol* v. *Huntington Water Co.,* 53 W. Va. 348; *Britton* v. *Green Bay & Fort Howard Water Co.,* 81 Wis. 48, 51 N. W. 89, 29 Am. St. 856; *German Alliance Ins. Co.,* v. *Home Water Supply Co.,* 174 Fed. 764.

There being no liability upon the part of the water works company for damages for appellant's loss by fire, the court should have sustained the demurrer to their complaint and dismissed the causes of action.

The motion in arrest of judgment in civil causes is unknown to our system of practice, and, where it does obtain, can be maintained only for a defect upon the face of the record, of which the evidence constitutes no part. *Ryan* v. *Fielder,* 99 Ark. 374. After the verdict was returned, no judgment was entered, the court reserving the case for further consideration, as it had the right to do. The court then, upon the face of

the pleadings, found that appellee was entitled by law to judgment in its favor, and entered same, notwithstanding the verdict had been found by the jury against it, and in so doing committed no error.   Kirby's Digest, §§ 6242-6344.

The judgment is affirmed.